### UNITED STATES v. GAAG.

(District Court, D. Montana. October 26, 1916. Demurrer Overruled December 8, 1916.)

(No. 514.)

1. POISONS ⚬⇒4—SALE OF OPIUM—CRIMINAL PROSECUTIONS.
   The offense of giving an order for opium and failing to preserve a duplicate thereof in such a way as to be readily accessible, in violation of Anti-Drug Act Dec. 17, 1914, c. 1, 38 Stat. 785, is committed when ready accessibility first fails after the order's acceptance, and is capable of continuity.
   [Ed. Note.—For other cases, see Poisons, Cent. Dig. § 2; Dec. Dig. ⚬⇒4.]

2. INDICTMENT AND INFORMATION ⚬⇒87(7)—ALLEGATION OF OFFENSE AS OF DAY CERTAIN—PROOF.
   The general rule is that, even though a grand jury has not evidence of the exact date of an offense, and though its oath is to true presentment make, and though time be not of the essence, the indictment must allege the offense as of a day certain; but, at trial, the day alleged may be disregarded, and the offense proven as of any day prior to indictment and within limitations.
   [Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 251–253; Dec. Dig. ⚬⇒87(7).]

3. INDICTMENT AND INFORMATION ⚬⇒87(7)—DEFECT OF FORM—STATUTE.
   Where time is not of the essence of the offense, the allegation of the indictment of the commission of the offense on a day certain is so far

of form, rather than of substance, as to be within Rev. St. § 1025 (Comp. St. 1913, § 1691), excusing defects of form.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 251–253; Dec. Dig. ☞87(7).]

4. POISONS ☞4—SALE OF OPIUM—CRIMINAL PROSECUTION—TIME AS OF ESSENCE OF OFFENSE—STATUTE.

Time is of the essence of the offense of giving an order for opium and failing to preserve a duplicate in such a way as to be readily accessible, in violation of the Anti-Drug Act, which can be committed only within two years after acceptance of the order.

[Ed. Note.—For other cases, see Poisons, Cent. Dig. § 2; Dec. Dig. ☞4.]

5. INDICTMENT AND INFORMATION ☞87(4)—SALE OF OPIUM—STATUTE—TIME.

Indictment for such offense must allege it was committed within the essential period, or it fails to allege an offense.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. § 247; Dec. Dig. ☞87(4).]

6. INDICTMENT AND INFORMATION ☞176—OFFENSE COMMITTABLE ONLY ON SUNDAY—ALLEGATION OF DATE—PROOF.

In the case of offenses committable only on Sunday, if the indictment alleges a definite Sunday, another or different date may be proved.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. § 548; Dec. Dig. ☞176.]

7. INDICTMENT AND INFORMATION ☞87(7)—SALE OF OPIUM—TIME OF OFFENSE—STATUTE.

Under Rev. St. § 1025 (Comp. St. 1913, § 1691), excusing defects of form, indictment charging that defendant violated the Anti-Drug Act by giving an order for opium, and, after acceptance, failing to preserve a duplicate so as to be readily accessible, was sufficient, though alleging the date of the offense no more definitely than some unknown date within the essential two-year period, which did not tend to defendant's prejudice.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 251–253; Dec. Dig. ☞87(7).]

8. INDICTMENT AND INFORMATION ☞87(7)—ALLEGATION OF DAY CERTAIN—MISDEMEANOR—OFFENSE OF OMISSION.

To the requirement that an indictment must allege a day certain, there are two fairly recognized exceptions: Misdemeanors, and offenses of omission, rather than of commission.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 251–253; Dec. Dig. ☞87(7).]

9. POISONS ☞4—SALE OF OPIUM—CRIMINAL PROSECUTIONS—CHARACTER OF OFFENSE—STATUTE.

Violation of the Anti-Drug Act by giving an order for opium, and, after acceptance, failing to preserve a duplicate so as to be readily accessible, is an offense in nature but a misdemeanor, failure to obey an administrative regulation, a mere statutory infraction, and not a true crime, though made a felony by Penal Code (Act March 4, 1909, c. 321) § 335, 35 Stat. 1152 (Comp. St. 1913, § 10509).

[Ed. Note.—For other cases, see Poisons, Cent. Dig. § 2; Dec. Dig. ☞4.]

10. INDICTMENT AND INFORMATION ☞87(7)—SALE OF OPIUM—ALLEGATION OF OFFENSE AS OF DAY CERTAIN—STATUTE.

An indictment charging violation of the Anti-Drug Act, in that defendant gave an order for opium and failed to preserve a duplicate after acceptance so as to be readily accessible, need not allege the offense as

of a day certain; the charge being an omission to perform a statutory duty.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 251–253; Dec. Dig. ☜87(7).]

Edward W. Gaag was indicted for violation of the Anti-Drug Act, and he demurs to the indictment. Demurrer overruled.

B. K. Wheeler, U. S. Atty., of Butte, Mont., and Homer G. Murphy, Asst. U. S. Atty., of Helena, Mont.

Binnard & Rodger, of Butte, Mont., for defendant.

BOURQUIN, District Judge. [1] Indictment presented October 26, 1916. Charge, violation of Anti-Drug Act (38 Stat. 785), in that defendant, on May 13, 1916, gave an order for opium, which "was thereafter accepted," and "after the acceptance" he failed to preserve a duplicate thereof "in such a way as to be readily accessible," contrary to law. General demurrer; the objection being the offense not alleged of a day certain. The offense would be committed when ready accessibility first failed after the order's acceptance and is capable of continuity. It might have been committed prior to discovery of the fact and of a date not determinable. The indictment refers to things past and an offense completed, and at least of date between acceptance of the order and indictment.

[2] The general rule is that, even though a grand jury has not evidence of the exact date of an offense, and though its oath is to true presentment make, and though time be not of the essence, it must in the indictment allege the offense of a day certain. To escape the sometime difficulty thus created is another and necessary rule that at trial the day alleged may be disregarded, and the offense proven as of any day prior to indictment and within limitations. See Ledbetter v. U. S., 170 U. S. 606, 18 Sup. Ct. 774, 42 L. Ed. 1162.

[3] Perhaps the interests of both accuser and accused and good pleading require the indictment shall definitely allege the date of the offense when known. But to compel it to be alleged when unknown often defeats the objects of the requirement, is illogical, falsified by the proof, and works to the prejudice of both parties and to the impairment of justice. At any rate the first rule is emasculated, "weaseled," by the second, and in the main is but a technicality of time-honored precedent. So in England and elsewhere are statutes that no indictment shall be holden insufficient for failure to allege the time, or for erroneous allegation thereof, when time is not of the essence. And under such circumstances the allegation is so far of form, rather than of substance, that it is believed to be within section 1025, R. S. (Comp. St. 1913, § 1691), nullifying defects of form and accomplishing the same statutory end.

[4-6] Herein, however, time is of the essence; that is, the offense can be committed only within two years after acceptance of the order. The indictment must allege the offense was committed within the essential period, or it fails to allege an offense. Yet to such cases the rules may have a qualified application—the offense to be alleged of a day certain within the period wherein it can alone be committed,

and the proof to be of any day within such period. So is it of offenses committable only on Sunday. A definite Sunday is alleged, but another or of different date may be the proof. See 1 Bishop, Cr. Pro. § 399.

[7] Save to the extent indicated, the allegation of time, even where of the essence, is formal, rather than of substance; and so section 1025, R. S., saves the indictment from insufficiency, when the allegation is, as here, no more definite than that of some unnamed date within the essential period, and when, as here, it is believed such allegation does not tend to the prejudice of defendant.

[8, 9] Furthermore, to the requirement that a day certain be alleged are two fairly recognized exceptions: Misdemeanors, and offenses of omission rather than of commission. See U. S. v. Smith, Fed. Cas. No. 16338; 1 Bishop, Cr. Pro. § 398. The second, perhaps, because no one save the accused may know when the omission first occurred, though any day it continued would serve as a day certain. In its nature the offense herein is but a misdemeanor—failure to obey an administrative regulation, a mere statutory infraction, and not a true crime, though by the arbitrary classification of section 335, Penal Code, made a felony, as are too many trivial violations of federal law. The said section harks back to barbaric days, and ought to be repealed.

[10] Whether or not the first exception applies, the second does; the charge being omission to perform a statutory duty, failure to preserve with ready accessibility, a duplicate of the order accepted.

Demurrer overruled.