[Civil No. 3057.  Filed February 23, 1932.]

[8 Pac. (2d) 453.]

In the Matter of the Application of WILLIS S. BROWN for Writ of Habeas Corpus.  WILLIS S. BROWN, Appellant, v. J. C. KESTER, as Sheriff of Coconino County, State of Arizona, Appellee.

Mr. Thorwald Larson, for Appellant.

No appearance for Appellee.

ROSS, J.—This is an appeal from an order dismissing appellant's petition for a writ of *habeas*

*corpus.* In a divorce proceeding between the parties, on March 17, 1930, the court ordered the appellant to pay to his wife, Kitty Brown, $100 for attorneys' fees, and on July 24, 1930, ordered him to pay her $75 to be used for medical attention for their minor son, William Russell Brown, $200 to reimburse her for expense of attending litigation between them, $77.60 to reimburse her for costs of court, $200 to pay counsel for preparing and filing briefs in the appellate court, and to pay plaintiff's attorneys $1,000 for looking after and defending her rights in the appellate court.

Thereafter, upon application of plaintiff, the appellant was cited to show cause why he should not be punished for contempt in not paying said sums. Upon the return day, to wit, August 16, 1930, appellant (defendant in divorce proceeding) having made no response to the citation and having failed to appear either in person or by attorney, the court proceeded to hear the evidence offered by plaintiff and found therefrom that appellant was guilty of contempt in failing to comply with the orders of March 17th and July 24th.

Appellant was ordered committed to the county jail until he paid the sums named in the orders of March 17th and July 24th, fixed at $1,652.60, and, in addition, $100 attorneys' fees and $50 for expenses of plaintiff in the contempt proceeding, or the total sum of $1,802.60. The appellant thereupon applied to the superior court for a writ of *habeas corpus,* claiming that his imprisonment was unlawful. The writ was granted, but upon the hearing, on August 19th, was quashed, and appellant remanded to the custody of the sheriff until he paid $802.60. This sum he paid August 20th and was discharged from custody. He now appeals from the order committing him to the sheriff until he paid the $802.60.

He has made nine assignments of error, but, he having satisfied the judgment of the court by paying it all, his assignments are moot. After an appeal, if the judgment or decree is voluntarily paid or satisfied, it deprives the appellate court of any possible power to grant relief. 3 C. J. 361, § 116. But here appellant paid the judgment before the appeal. He therefore had nothing to appeal from. It might be gratifying to him if the court would take the time and trouble to pass upon the numerous questions he has raised, but he could thereby get no relief.

Then, there is no showing that appellant is in jail or was at the time he applied for the writ. On the contrary, the showing is that he was discharged from custody upon the payment of the $802.60.

*Habeas corpus* cannot be used for the purpose of reviewing errors and irregularities in a trial or in the exercise of jurisdiction.

The appeal is dismissed.

McALISTER, C. J., and LOCKWOOD, J., concur.