[Civil No. 4227. Filed April 22, 1940.]

[101 Pac. (2d) 457.]

In the Matter of the Application of FRANCIS H. HARRISON, for a Writ of Habeas Corpus. FRANCIS H. HARRISON, Petitioner, v. EUGENE SHUTE, as Superintendent of the Arizona State Prison, Respondent.

Mr. Fred Sutter and Mr. James T. Gentry, for Petitioner.

Mr. Joe Conway, Attorney General, Mr. Earl Anderson, Assistant Attorney General, and Mr. Ralph W. Bilby, Special Counsel, for Respondent.

McALISTER, J.—This is an application by Francis H. Harrison for a writ of *habeas corpus,* directing the superintendent of the state prison to bring him before this court and show the cause of his detention, and upon such hearing that he be either restored to his liberty or confined in the Cochise county jail under information No. 4958 pending against him in that county until released according to law.

It appears from the petition that on April 12, 1939, an information was filed against the petitioner in the superior court of Cochise county, state of Arizona, in criminal cause No. 4916, purporting to charge him with the commission of a felony as defined in section 4519, Revised Code of 1928; that on October 17, 1939, he pleaded guilty to the crime of defrauding the state as contained in that information and on January 27, 1940, was adjudged guilty thereof by the superior court of Cochise county, Honorable JOHN WILSON ROSS presiding, and sentenced to a term of not less than four nor more than five years from that date in the state prison; that he was committed to the custody of the sheriff of Cochise county for delivery to the superintendent of the state prison at Florence, Arizona, who by reason of this sentence and commitment holds the petitioner within the confines of that institution.

The petition alleges further that the superior court had no jurisdiction to sentence petitioner to the state prison under information No. 4916, because it does not state a public offense under the laws of Arizona. After naming the offense with which it accuses him as that of ''Defrauding the State,'' the information proceeds in the following language:

"The said Francis H. Harrison on or about the 30th day of December, 1938, and before the filing of this information, at the County of Cochise, State of Arizona, did then and there, willfully, unlawfully and feloniously and with the intent to defraud the State of Arizona present for allowance or payment a certain false and fraudulent writing, to-wit; a certain purported Certificate of Eligibility of one Charlie Walsh to receive public relief monies of the State of Arizona, to the State Board of Social Security and Welfare, a then duly created and existing agency of the State of Arizona duly created and maintained for the purpose of disbursing the public monies of the State of Arizona for relief purposes; the said State Board of Social Security and Welfare being at said time duly authorized to make allowance or payment of said public monies on said Certificate of Eligibility if the same were or had been genuine, and the said Francis H. Harrison at the time of the presentation of said Certificate of Eligibility to the State Board of Social Security and Welfare then and there well knew the same to be false and fraudulent and presented to said State Board of Social Security and Welfare for the purpose and with the express intent to defraud the State of Arizona.''

Section 4519, Revised Code of 1928, under which this information was drawn reads as follows:

*"Presenting false claim.* Every person who, with intent to defraud, presents for allowance or for payment, to any public board or officer, authorized to allow or pay the same, if genuine, any false or fraudulent claim, bill, account, voucher, or writing, is guilty of a felony.''

 The petitioner contends that the information is fatally defective for several reasons and is, therefore, wholly void and without effect. He urges first that it names the crime with which it accuses him as that of ''Defrauding the State'' when there is no such offense under the statutes of this state. It is immaterial whether these three words correctly designate

the offense or not. The name given a crime in the caption or introductory portion of the information is not decisive. "That portion of the information which sets forth the facts, the acts performed by appellant," to use the language of *Merrill* v. *State,* 42 Ariz. 341, 26 Pac. (2d) 110, 112, "must be looked to for this purpose, and if these do not constitute that offense but do show a violation of some other portion of the Penal Code, the information is still sufficient, because it charges only one crime and that is the one the pleaded facts show, it being immaterial that the information improperly designates it." In 31 C. J. 609, section 90, is found this statement of the rule: "The caption of an indictment need not state or describe the offense charged, and if it does so, any misstatement therein or variance from the indictment will be immaterial."

The second objection to the information is that while section 4519, *supra,* does not require in express language that the defendant "knowingly" presents a false and fraudulent claim for allowance in order to constitute the offense defined in that section, yet the courts of California, in construing section 72 of the Penal Code of that state, from which section 4519 was taken, hold that it is necessary that such an allegation appear in the information in order to state an offense, and in support of this proposition he cites *People* v. *Butler,* 35 Cal. App. 357, 169 Pac. 918, in which the court did make this holding. Hence, it follows, he urges, that since the information in this case does not allege that the defendant "knowingly" presented a false claim to the State Board of Social Security and Welfare for allowance, it states no offense. Just why this contention is advanced, in view of the following language of the information, does not appear, "And

the said Francis H. Harrison at the time of presentation of said Certificate of Eligibility to the State Board of Social Security and Welfare then and there well knew the same to be false and fraudulent." Clearly this was a sufficient allegation of knowledge of the falsity of the claim on the part of defendant Harrison when he presented it for allowance.

The third and principal objection urged against the information is that it alleges that the claim was false and fraudulent, merely a legal conclusion, but does not state the facts from which the court may decide whether this is in fact true. In other words, it is drawn in the language of the statute so far as this phase of the offense is concerned, and while it is generally sufficient to draw an information in this manner, such is not the case, petitioner argues, where it is sought to charge a person with presenting a fraudulent claim under section 4519, for the reason that the particular acts making the claim fraudulent must be alleged so that the fraud will appear upon the face of the information. In support of this proposition the petitioner relies principally on *People* v. *Mahony,* 145 Cal. 104, 78 Pac. 354, 356. In that case the trial court sustained a demurrer to an indictment which set forth a verbatim copy of a claim valid upon its face and certified as correct by the defendant as county clerk, but which alleged the claim to be false and fraudulent without giving the facts showing wherein, and upon appeal by the state that ruling was upheld, the court stating that, "where it is sought to charge one with the presentation of a fraudulent claim, under section 72, Pen. Code, the particular acts which make the claim fraudulent should be so alleged as to make the fraud appear upon the face of the indictment." If, instead of pleading guilty to the information, petitioner Harrison had demurred

to it, the court would perhaps have sustained it upon this ground but in view of the fact that he pleaded guilty and did not question the sufficiency of the information by demurrer or otherwise a different question is presented. By his plea of guilty he waived all irregularities in the proceedings up to that time and also any error in the information that did not go to the extent of rendering it absolutely void. If it was so defective that it stated no offense at all, either under section 4519 or any other section of the Revised Code of 1928, petitioner was pursuing the proper remedy in seeking his release from prison through *habeas corpus,* but if it fell short of this, his remedy was by appeal, for the writ of *habeas corpus* may not be used to supplant this method of procedure. *In re Brown,* 39 Ariz. 545, 8 Pac. (2d) 453; *State* v. *Henderson,* 34 Ariz. 430, 272 Pac. 97; *Ex parte Jarvis,* 109 Tex. Cr. 52, 3 S. W. (2d) 84, 57 A. L. R. 82. Hence, if the information, due to a failure to set forth the facts showing how or in what respect the writing in question, namely, the purported certificate of eligibility of one Charlie Walsh to receive public moneys of the state of Arizona is false and fraudulent, states no offense at all, *habeas corpus* lies and petitioner should be released, but it is otherwise if it states an offense even though it does so defectively. The fact that a defect is so serious that it renders an information vulnerable to a demurrer does not mean necessarily that it must be given the same effect if the information is attacked collaterally in a *habeas corpus* proceeding, because in that instance the inquiry into its sufficiency is limited. For instance, in the case of *Ex parte Ruef,* 150 Cal. 665, 89 Pac. 605, a decision by the Supreme Court of the state from which section 4519 was taken, the following language was used in denying release from imprisonment through

*habeas corpus* upon the ground that the indictment stated no offense:

"It is claimed that the indictments fail to state a public offense. On *habeas corpus* the inquiry into the sufficiency of an indictment is limited. We think the true rule is that, where an indictment purports or attempts to state an offense of a kind of which the court assuming to proceed has jurisdiction, the question whether the facts charged are sufficient to constitute an offense of that kind will not be examined into on *habeas corpus*. Here the indictments clearly attempt to charge extortion, a crime defined by section 518 et seq. of the Penal Code, and within the jurisdiction of the superior court. Without expressing any opinion as to whether these indictments should be held to be good on demurrer or other direct attack, they are at least not, under the rule stated, so defective as to permit us to hold them void in this proceeding."

An indictment the same as that in the case from which this excerpt was taken was later held insufficient on demurrer. *People* v. *Schmitz,* 7 Cal. App. 330, 94 Pac. 407, 419, 15 L. R. A. (N. S.) 717. And in *Ex parte Avdalas,* 10 Cal. App. 507, 102 Pac. 674, the court stated specifically that the complaint upon which the petitioner was convicted could not possibly be regarded as sufficient as an accusation if tested by a demurrer but· held it sufficient upon *habeas corpus* since it was manifestly clear from its averments that there was at least an attempt to charge an offense known to the law which the justice court had jurisdiction to try. In *Ex parte Simmons,* 71 Cal. App. 522, 235 Pac. 1029, 1033, this language was used:

"The writ of *habeas corpus* may not be made to serve the purpose of a writ of error. It has been said that if the facts alleged 'squint at a substantive statement of the offense,' *habeas corpus* will not lie."

See the following: *Ex parte Jarvis, supra; Ex parte Robinson,* 73 Fla. 1068, 75 So. 604, L. R. A. 1918B

1148; *In re Caldwell,* 82 Neb. 544, 118 N. W. 133; *Ex parte Kavanaugh,* 180 Cal. 181, 180 Pac. 533; *Ex parte Bottjer,* 45 Idaho 168, 260 Pac. 1095.

In the federal courts the rule seems to be that where the defendant is restrained after a plea of guilty, the court will not on *habeas corpus* even examine the indictment or information to determine its sufficiency. *Matter of Gregory,* 219 U. S. 210, 31 Sup. Ct. 143, 55 L. Ed. 184; *Weedin, Commissioner,* v. *Moy Fat,* (9 Cir.) 8 Fed. (2d) 488.

■ A reading of the information in connection with section 4519 leaves no doubt but that the county attorney attempted to charge a violation of that section. The information states definitely that on a certain date and with the intent to defraud the state of Arizona the defendant willfully, unlawfully and feloniously presented to the State Board of Social Security and Welfare a certain writing purporting to be a certificate of eligibility of one Charlie Walsh to receive public relief moneys of the state of Arizona, that this writing was false and fraudulent and known by him to be false and fraudulent when he presented it, and that the State Board of Social Security and Welfare was at the time authorized to allow the claim of eligibility or make payment of public moneys on it if genuine. The essential elements of the offense defined in that section are stated herein by the pleader and while the court would doubtless have required the averment of facts showing how or in what particular the certificate of eligibility was false or fraudulent had the information been demurred to, yet it is clear from the authorities cited that the failure to state this is not a defect so fatal that it renders the information void and subjects it to collateral attack by *habeas corpus.* It is nothing more than the failure to state the facts showing the fraud with such definiteness and certainty

that the information would not be vulnerable to a special demurrer, and there seems to be little or no dissent in the authorities from the proposition that one held under such an information is not entitled to his release on a writ of *habeas corpus.*

In the petition for the writ the petitioner has made some allegations and included certain affidavits relating to the proceedings had at and prior to the time of the plea and sentence but it was stated orally at the time the petition was presented to this court that the only question submitted for our decision was whether the information to which the petitioner pleaded guilty states an offense or is so fatally defective that it is utterly void. In addition, the sufficiency of the information is the only question considered by the parties in their briefs, hence, we have confined our decision to that question.

We think it very clear that the petitioner is not entitled to his release in this proceeding. The writ of *habeas corpus* is quashed, and petitioner remanded to the custody of the superintendent of the Arizona state prison.

ROSS, C. J., and LOCKWOOD, J., concur.