## WEATHERBY v. UNITED STATES.
### No. 3138.

Circuit Court of Appeals, Tenth Circuit.
June 28, 1945.

Glenn H. Grubb and S. Luther Lane, both of Oklahoma City, Okl., for appellant.

Whit Y. Mauzy, U. S. Atty., of Tulsa, Okla., for appellee.

Before PHILLIPS, MURRAH, and WILLIAMS, Circuit Judges.

WILLIAMS, Circuit Judge.

An indictment containing four counts was returned against Weatherby in the United States District Court for the North-

ern District of Oklahoma charging violations of 215 of the Penal Code, 18 U.S.C.A. § 338.

The first count charged that Weatherby, on February 1, 1942, "did enter into and devise a scheme and artifice to defraud the subscribers and readers of * * * the Tulsa Tribune and the Tulsa World, at Tulsa, Oklahoma." It is alleged the scheme with particularity and that, after the formation of such scheme and artifice, for the purpose of executing such scheme, Weatherby "on or about the 5th day of February, A. D. 1942, did cause to be inserted in the Tulsa Daily World, * * * a certain advertisement * * * which advertisement was, by the said Tulsa World, placed in the United States mail at * * * Tulsa, Oklahoma, addressed to its regular mailing list of subscribers, and was * * * delivered * * * by the Post Office establishment of the United States to said regular subscribers, as the defendant then and there intended it should be so delivered."

The second count charged the same scheme and the insertion of the same advertisement in the Tulsa Tribune, and the delivery thereof by the Tulsa Tribune through the Post Office establishment and mails of the United States to its regular subscribers, for the purpose of executing such scheme.

The third count charged the same scheme and that Weatherby, for the purpose of executing the same, caused to be deposited in the mails of the United States, to be delivered through the Post Office establishment of the United States, a certain letter addressed to Box 455–B, World Tribune, Tulsa Oklahoma, and that such letter was delivered by the Post Office establishment of the United States to such box.

The fourth count charged the same scheme and that Weatherby, for the purpose of executing the scheme, caused a letter to be so deposited in the United States mails for delivery by the Post Office establishment of the United States, and the

delivery thereof to Box 445–B, World Tribune, Tulsa, Oklahoma.

Weatherby was duly arraigned and pleaded guilty to each of the four counts. He was sentenced to terms of four years on each of counts one and two, to run consecutively, and terms of four years on each of counts three and four, to run concurrently with the sentences on counts one and two. Thereafter, he filed a motion to correct the sentence.

From an order denying that motion, he has appealed, and contends that counts one and two charged a single identical offense, which is without merit. Count one charged the mailing of the Tulsa World for the purpose of executing the scheme and count two that the mailing of the Tulsa Tribune was for the purpose of executing the scheme. The use of the mails for the purpose of executing the scheme is the gist of the offense.[1]

Each separate use of the mails in the execution of a continuing scheme constitutes a separate distinct offense.[2]

The indictment is not drawn with technical nicety. But, by his plea of guilty, Weatherby waived all defenses other than that the indictment charged no offense.[3] Each count of the indictment charged essential elements of the offense and it cannot be said as to any of such counts that it wholly failed to charge an offense.

Counsel for Weatherby urges that count one, which alleges that Weatherby caused the advertisement to be inserted in the Tulsa Daily World on February 5, 1942, does not state the time when the newspapers were mailed or caused to be mailed. It does not allege specifically that the newspapers were mailed on that day, but obviously the newspapers containing the advertisement could not be mailed until after the advertisement was inserted. Count one charges that the scheme and artifice was formed on or about February 1, 1942, and he caused the advertisement to be inserted in the Tulsa Daily World about February 5,

[1] Rude v. United States, 10 Cir., 74 F. 2d 673, 675; Rosenberg v. United States, 10 Cir., 120 F.2d 935, 937; Mitchell v. United States, 10 Cir., 142 F.2d 480, 481.

[2] Mitchell v. United States, 10 Cir., 142 F.2d 480, 481; McGinley v. Hudspeth, 120 F.2d 523; Bozel v. United States, 6 Cir., 139 F.2d 153, 156.

[3] Forthoffer v. Swope, 9 Cir., 103 F.

2d 707, 708; Kachnic v. United States, 9 Cir., 53 F.2d 312, 315, 79 A.L.R. 1366; Rice v. United States, 5 Cir., 30 F.2d 681; Spirou v. United States, 2 Cir., 24 F.2d 796, 797; Weir v. United States, 7 Cir., 92 F.2d 634, 635, 114 A.L.R. 481; Oesting v. United States, 9 Cir., 234 F. 304–306; Ex parte Harrison, 55 Ariz. 347, 101 P.2d 457, 459.

1942, which was by the Tulsa World placed in the United States mails addressed to its mailing list of subscribers. It sufficiently appears that the unlawful use of the mails was within the statutory period of limitations. Where time is not an essential ingredient of the offense, and the indictment charges facts showing the offense was committed within the statutory period of limitations, a defect in the allegation of time is one of form only.[4]

The motion was without merit and the order appealed from is affirmed.

---

[4] Thompson v. United States, 3 Cir., 283 F. 895, 898; United States v. McKinley, C.C.Or., 127 F. 168, 170; United States v. Gaag, D.C.Mont., 237 F. 728, 730, 731; United States v. Howard, D. C.Tenn., 132 F. 325, 335.