400 P.2d 586

STATE of Arizona, Appellee,

v.

Lee J. SPARKS, Appellant.

No. 1452.

Supreme Court of Arizona.

In Division.

April 1, 1965.

Darrell F. Smith, Atty. Gen., Robert W. Pickrell, Former Atty. Gen., Stirley Newell, Former Asst. Atty. Gen., Phoenix, for appellee.

Denzil G. Tyler, Winslow, for appellant.

LOCKWOOD, Chief Justice.

Defendant had been employed as manager of a trailer court in Holbrook, Arizona. On July 19, 1963, he made an $82.20 check to cash, drawn on the trailer court account which was kept for the purpose of paying utilities. He cashed it and kept the proceeds. On July 23, 1963, he repeated the procedure with a check for $83.80. On July 24, 1963, he gave the trailer court account an insufficient funds check for $215.00 as reimbursement for

rents he had collected for the owner. On July 29, 1963, he left the state taking with him an encumbered auto radio to which another had title. He traveled throughout the United States cashing over $3,000.00 worth of checks on the trailer court account.

The defendant was charged by amended information as follows:

Count One: Sale of encumbered property (two tires), on April 15, 1963, in violation of A.R.S. § 44–1219.

Count Two: Theft by embezzlement on or about July 19, 1963, by fraudulently drawing a check in the sum of $82.20 on the account of Hatch's Trailer Courts, in violation of A.R.S. § 13–682.

Count Three: Embezzlement on July 23, 1963, by drawing another check for $83.80 (on the same checking account as described in Count Two) in violation of A.R.S. § 13–682.

Count Four: Issuance of check on insufficient funds account on July 24, 1963, by drawing a check to the order of Ralph Hatch, on the Valley National Bank in the sum of $215.00 with knowledge that at the time there were insufficient funds, in violation of A.R.S. § 13–316, subsec. A (1).

Count Five: Removal of encumbered property (auto radio) from Navajo County, which the defendant possessed under a conditional sales contract in violation of A.R.S. § 44–1219.

The minute entries show that at the time of his arraignment the court advised the defendant of his constitutional rights and the defendant stated he did not wish an attorney and "objected to the court appointing him counsel". The defendant pleaded not guilty to Count One of the information and guilty to the other four counts.

The minute entry of February 3, 1964, the time of sentencing, shows that "the Court has learned defendant has been convicted of twelve previous felonies and has twice violated parole and he has written over $3,100.00 worth of bad checks recently." On Count Four, the court sentenced the defendant to serve a term in the Arizona State Prison of not less than four nor more than five years, and on Count Five to serve not less than four and one half years nor more than five years in the Arizona State Prison, the sentence to run consecutively. Imposition of sentence on Counts Two and Three was suspended for a period of one year.

The defendant claims that the trial court erred in proceeding on an information which charged the defendant with the commission of various crimes in that the offenses charged were not connected and were not of the same class. The defendant also assigns as error that the sentences were excessive.

Rule 128 of the Rules of Criminal Procedure, 17 A.R.S., states that an informa-

tion may charge two or more different offenses connected together "or two or more different offenses of the same class of crimes or offenses" in separate counts, and Rule 146 of the Rules of Criminal Procedure provides that when offenses are misjoined, they may be ordered separated into separate informations; however that no information shall be invalid or insufficient because of a misjoinder of offenses. Rule 146, subsec. D states that no motion made after verdict based on a defect of misjoinder of offenses will be sustained "unless it is affirmatively shown that the defendant was in fact prejudiced in his defense upon the merits."

Since the defendant pleaded guilty to four counts of the information the defendant could not have been prejudiced by any misjoinder of offenses. As we said in Ex parte Harrison, 55 Ariz. 347, 101 P.2d 457:

"* * * in view of the fact that he [defendant] pleaded guilty and did not question the sufficiency of the information by demurrer or otherwise * * *. By his plea of guilty he waived all irregularities in the proceedings up to that time and also any error in the information that did not go to the extent of rendering it absolutely void."

We also said in State v. Anderson, 96 Ariz. 123, 392 P.2d 784:

"The effect of a plea of guilty is the same as if the defendant had been tried before a jury and had been found guilty upon evidence covering all material facts." See also State v. Buckmaster, 94 Ariz. 314, 383 P.2d 869.

In the recent case of State v. Murphy, 97 Ariz. 14, 396 P.2d 250, 251, we said:

"When a defendant voluntarily and knowingly pleads guilty at his trial this constitutes a waiver of all non-jurisdictional defenses. The conviction and sentence which follow a plea of guilty are based solely and entirely upon said plea * * *."

■ Thus when the defendant entered his pleas of guilty any possible defect for misjoinder became immaterial and was waived.

As to the defendant's charge that the sentence was excessive we recently reiterated our repeated holding that:

"* * * the penalty upon conviction of a crime is, within the limits of statute, entirely within the discretion of the trial court and that it will not be modified unless it clearly appears that the sentence imposed is excessive, resulting in abuse of discretion." State v. King, 96 Ariz. 45, 391 P.2d 598.

We have also held that the trial judge in setting the sentence

"* * * should consider not only the circumstances of the offense charged but also the moral character and past

conduct of the defendant himself in order that he may grade the punishment in accordance with the general character of both the offense and of the party convicted." State v. Quintana, 92 Ariz. 308, 376 P.2d 773.

The defendant's assignments of error are without merit. For the foregoing reasons, judgment is affirmed.

STRUCKMEYER, V. C. J., and Mc-FARLAND, J., concurring.