407 P.2d 783

**STATE of Arizona, Appellee,**

v.

**David Leonard SHEPPARD, Appellant.**

**No. 1 CA–CR 22.**

Court of Appeals of Arizona.
Nov. 19, 1965.

Rehearing Denied Dec. 14, 1965.

Review Denied Jan. 4, 1966.

Allen L. Feinstein, Phoenix, for appellant.

Darrell F. Smith, Atty. Gen., by James S. Tegart, Asst. Atty. Gen., Gary K. Nelson, Asst. Atty. Gen., for appellee.

DONOFRIO, Judge.

On September 28, 1964, a complaint was filed with the Justice of the Peace charging appellant, hereafter designated as defendant, with the crime of burglary. One day later defendant was brought before said Justice of the Peace and informed of the charge against him and of his right to the aid of counsel. At this time a preliminary examination on the charge was set for 9:00 A.M. October 5, 1964, and the defendant posted bail bond and was released thereon. On October 5th he was brought before the court with competent counsel and waived preliminary examination. This same counsel represented defendant throughout the proceedings in the Superior Court but is not counsel on this appeal. The Justice of the Peace held him to answer said charge in the Superior Court.

Thirty one days later the County Attorney filed an information in the Superior Court charging the defendant with the crime for which he was held to answer. On November 17, 1964, he appeared at arraignment with his attorney and entered a plea of not guilty to the charge. Two days later, on November 19, again represented by counsel, defendant changed his plea to guilty. December 2, 1964 was the time fixed for judgment and sentence and on that date he was adjudged guilty and sentenced to a term in the state prison.

Defendant was granted leave to file a delayed appeal herein and in this appeal contends that under Rules 80 and 236 of the Rules of Criminal Procedure, 17 A.R.S. he is entitled to a dismissal of the information and a reversal of the judgment on the grounds that when the thirty days expired without the filing of an information the court lost all jurisdiction except to dismiss the action.

The relevant part of Rule 80 provides that when the defendant has been held to answer the County Attorney shall within thirty days file an information charging the commission of the offense. Rule 236 provides:

"When a person has been held to answer for an offense, if an information is not filed against him for the offense within thirty days there-

after, or when a person has been indicted or informed against for an offense, if he is not brought to trial for the offense within sixty days after the indictment has been found or the information filed, the prosecution shall be dismissed upon the application of such person, or of the county attorney, or on the motion of the court itself, *unless good cause to the contrary is shown by affidavit,* or unless the action has not proceeded to trial because of the defendant's consent or by his action. When good cause is shown, the action may be continued, in which event the defendant if bailable, shall be released on bail either on his own recognizance or on the undertaking of sureties." (Emphasis supplied)

Rule 238 must also be considered which provides:

"An order for the dismissal of the prosecution, as provided in Rule 236, is a bar to any other prosecution for the same offense if it is a misdemeanor, but it is not a bar if the offense is a felony, provided no such prosecution shall be instituted without the order of the court in which the action was pending."

▪ An analysis of these rules would indicate that the thirty day requirement for the filing of the information does not go to the basic jurisdiction of the Court so as to void everything that might follow as contended by the defendant. The rules are basically to afford the defendant a speedy disposition of the charges against him. McConnell v. Newman, 87 Ariz. 381, 351 P.2d 657 (1960).

▪▪ Although the information is filed late it is not rendered void, but only subject to dismissal upon motion duly made unless good cause to the contrary is shown by affidavit. Sheridan v. Superior Court, 91 Ariz. 211, 370 P.2d 949 (1962). Defendant made no move to dismiss the proceedings but on the contrary withdrew a plea of not guilty theretofore made and entered a plea of guilty. A defendant may

effectively waive the requirements of these rules and, in fact, may find it to his advantage to do so. Defendant's plea of guilty to the information, entered upon the advice of competent counsel, was a waiver of the irregularity. of the day late filing since we have already determined such defect is nonjurisdictional. State v. Murphy, 97 Ariz. 14, 396 P.2d 250 (1964). Again, in State v. Sparks, 97 Ariz. 358, 400 P.2d 586 (1965) a technical defect was present in the information in the form of a misjoinder of offenses and at page 360 of the Arizona Reports the Supreme Court quoting from Ex parte Harrison, 55 Ariz. 347, 101 P.2d 457 (1940) said:

"* * * in view of the fact that he (defendant) pleaded guilty and did not question the sufficiency of the information by demurrer or otherwise * * *. By his plea of guilty he waived all irregularities in the proceedings up to that time and also any error in the information that did not go to the extent of rendering it absolutely void." 97 Ariz. 360, 400 P.2d 588.

We believe the same would apply in the instant case.

▪ In the event the judgment is not set aside on the grounds of the late filing of the information, defendant is asking in the alternative that this court issue a writ in the nature of a common law writ of error coram nobis, in this instance more appropriately termed coram vobis, directing the Superior Court who entered the judgment to conduct further proceedings with the view of permitting the defendant to withdraw his plea of guilty and enter a plea of not guilty to the charge. This request is based on an affidavit filed by the defendant with this appeal wherein he states that he changed his plea from not guilty to guilty as a consequence of misrepresentations and threats made by the County Attorney through his attorney to the effect that forty separate charges would be filed against him if he did not plead guilty.

Aside from the hereinabove mentioned affidavit there is nothing in the record to

 

support the accusations of misrepresentation and threats. We doubt seriously that we should consider any document that is not a part of the record below. However, regardless of the answer to this question we first must determine if we do have authority to direct the Superior Court to conduct the hearing requested by defendant. This procedure of a writ of error coram vobis is urged because of this State's failure to have the so-called post-conviction hearing statutes prevailing in some jurisdictions. The request is that we remand the cause to the trial court directing it to conduct a hearing with a view of setting the judgment aside as void because of its having been obtained in violation of defendant's constitutional rights and to permit defendant to withdraw his plea of guilty and enter a plea of not guilty.

In support of this request defendant cites the recent cases of State of Arizona v. Joseph William Janovic, Jr., Arizona Supreme Court No. 1379, and State of Arizona v. Lawrence George Kruchten, No. 1380 (orders made October 29, 1965) wherein the Supreme Court by minute entry order issued a writ in the nature of coram nobis directing a Superior Court judge to conduct a hearing to determine certain facts for them.

We cannot agree that these cases are authority for similar action by this Court. The Court of Appeals, unlike the Supreme Court, is a court of limited jurisdiction and has only such jurisdiction specifically given to the Court by Statutes relating to its jurisdiction and venue. State v. Mileham, 1 Ariz.App. 67, 399 P.2d 688 (1965).

A reading of the jurisdiction and venue Statutes (A.R.S. § 12–120.21) applicable to this Court illustrates that we do not have authority to transfer an application for a writ such as this for hearing to the Superior Court just as we do not have authority to transfer an application for a writ of Habeas Corpus, which is similar in nature, to the Superior Court for hearing. With the possible exception of Habeas Corpus proceedings we have no authority (or facilities for that matter) to conduct fact taking trials or hearings under our grant of original jurisdiction.

Since we have no authority or jurisdiction to issue the writ or grant the request we do not pass upon whether the issuance of the writ is indicated because of lack of certain post-conviction procedures, nor do we pass upon whether other remedies are available to the defendant in other courts.

Judgment affirmed.

CAMERON, Acting C. J., and DONALD DAUGHTON, Superior Court Judge, concur.

NOTE: Judge HENRY S. STEVENS having requested that he be relieved from consideration of this matter, Judge DONALD DAUGHTON was called to sit in his stead and participate in the determination of this decision.