MacGregor *v.* State of Indiana.

[No. 30,806. Filed November 30, 1967.]

*Irwin J. Prince,* and *Michael A. Cohen,* of Indianapolis, for appellant.

*John J. Dillon,* Attorney General, and *John F. Davis,* Deputy Attorney General, for appellee.

ARTERBURN, J.—The appellant was indicted for the crime of rape. A jury found him guilty, and the trial court sentenced him accordingly.

The issues raised on appeal are the sufficiency of the evidence and the admission into evidence of certain matters alleged to be in violation of appellant's right against search and seizure.

The evidence shows that Patsy Kennedy stated she was 21 years of age, had one child and was expecting a second; that she was at a shopping center when she left her mother and son in front of the store about 7:15 p.m. to go about a block and a half to a parking lot to get her car and pick them up. She testified that as she was about to put her key in the ignition

of her car, a man, whom she later identified as the appellant, came up behind her with a knife and forced her to enter his car which was parked directly behind hers. She described the car as a 1952 Chevrolet, maroon color. Following the subsequent ride, the appellant forced her to disrobe and raped her under the threat of the knife he held. At one time she tried to escape by attempting to open the right front door, but it would not open. The appellant told her his name was Bob. After her escape she returned to her mother and son, who observed her dishevelled condition. The witness testified that on the following Monday, as she was about to enter her place of of employment, she saw the appellant drive his car into the parking lot across the street. She called the police and told them that the man who raped her was across the street. She also said to the officer: "That if it was him, that the right door would not open, that he would have a wedding band on and there would be a knife in the car. . . ." The officer then went across the street and in a few minutes came back with the appellant. She was asked if she recognized appellant and she said she did.

The appellant complains of admission of evidence to the effect that the officer went to appellant's car and attempted to open the right front door and found that it would not open. He complains that this was an improper search of his car, and the court committed error in admitting such evidence. The court sustained a motion to suppress evidence of the fact that the police officer found a knife in appellant's car. The facts heard by the court on the motion to suppress as given in the testimony of MacGregor himself are that the officer asked the appellant to accompany him to his car, and the officer stated: "Now open your right door" and the appellant told him the right door would not open. Then the officer told him: "That's what she—they said." The arresting officer then instructed the appellant to get into the back seat of his patrol car. The police officer testified that after he arrested the appellant pursuant to the prosecutrix identifying

him as the assailant, the officer returned to the car to search for evidence, thinking he was entitled to do so. Appellant complains that the officer had time to obtain a search warrant before he searched his car. The trial court, for some reason, suppressed the evidence as to what was found in searching the car. We must conclude there was sufficient evidence to sustain the conviction.

With reference to appellant's contention that the officer had no right to testify as to the condition of the right front door of the car on the ground that it violated appellant's right against search and seizure, we find no support in law or fact. The testimony is what the defendant said himself upon inquiry by the officer, namely, that the right front door would not open. Additionally, anything that is observable without intruding into the car would not be a violation of the right of privacy which the constitutional provision against search and seizure safeguards.

Appellant cites the case of *Idol* v. *State* (1953), 233 Ind. 307, 119 N. E. 2d 428. On the basis of this case, appellant claims testimony as to the exterior of an automobile open to observation was not admissible in trial for a hit and run offense. An examination of the case shows that the car at the time was enclosed in a garage and the violation occurred when the officers entered the private garage to observe the automobile.

The State further points out that the appellant took the stand and admitted that the right front door of his car would not open and therefore there can be no prejudicial error. It has been said:

> "Where incompetent evidence is admitted to prove a fact, the admittance of such evidence is harmless if the defendant himself has testified to the same fact." 9 I.L.E., *Criminal Law*, Sec. 758. See also: *Beeman* v. *State* (1953), 232 Ind. 683, 115 N. E. 2d 919.

Concerning the trial court's sustaining the motion to suppress evidence obtained from the search of appellant's auto-

mobile, it is well settled that if an officer has probable cause for arrest as in this case, then at the time of the arrest he may not only search the defendant, but the automobile in his possession in the immediate vincinity. The arresting officer stated:

> "Q. And when you searched the car, what length of time was it?
>
> "A. As soon as I placed him under arrest and put him into the patrol wagon, I immediately went over to the car."

The United States Supreme Court, in *Preston* v. *United States* (1964), 376 U.S. 364, 367, 84 S. Ct. 881, 883, 11 L. Ed. 2d 777, 780, stated:

> "Unquestionably, when a person is lawfully arrested, the police have a right, without a search warrant, to make a contemporaneous search of the person of the accused for weapons or for the fruits of or implements used to commit the crime. . . . This right to search and seize without a search warrant extends to things under the accused's immediate control . . . ,". See also: *Crawford* v. *Bannan*, 336 F. 2d 505 (6th Cir. 1964) ; *Manson* v. *State* (1967), 249 Ind. 53, 229 N. E. 2d 801.

It is our judgment that if any error was committed by the trial court, it was favorable to appellant in suppressing the evidence obtained in the search of the car at the time of arrest.

The judgment of the trial court is affirmed.

Lewis, Mote and Hunter, JJ., concur.

Jackson, C. J., not participating.

NOTE.—Reported in 231 N. E. 2d 241.