PAULINE A. RUHL AND WILLIAM S. YOUNG *v.*
STATE OF INDIANA.

[Nos. 3-1273A163; 3-1273A164. Filed December 2, 1974. Rehearing denied January 20, 1975. Transfer denied appellant Ruhl August 12, 1975.]

*Thomas L. Ryan, Harold W. Myers,* of Fort Wayne, for appellants.

*Theodore L. Sendak,* Attorney General, *Gary M. Crist,* Deputy Attorney General, for appellee.

HOFFMAN, C.J.—Defendants-appellants Pauline A. Ruhl and William S. Young appeal from convictions of theft in violation of IC 1971, 35-17-5-3(f), Ind. Ann. Stat. § 10-3030 (f) (Burns Supp. 1974). Following a consolidated trial to the court, appellants were found guilty and sentenced to imprisonment for a term of not less than one nor more than ten years, and committed to the Indiana Reception Diagnostic Center in the custody of the Department of Correction for classification and confinement. Thereafter appellants' motion to correct errors was overruled and this appeal, which has been consolidated for argument and determination, was perfected.

An examination of the evidence most favorable to the State discloses that one Mae Soil and appellants Pauline A. Ruhl and William S. Young had spent the night of November 29, 1972, at the Holiday Inn in Michigan City, Indiana, in rooms registered to a Nancy J. Davis. During the same night, restaurant expenses were charged to such rooms. On the next day, November 30, 1972, the Holiday Inn management contacted the rooms by telephone regarding payment of the accrued charges. Following the inquiry, Mrs. Oneta F. Kollar, manager of the Holiday Inn, made efforts to ascertain whether the automobile listed on the room registration card was still present at the motel and subsequently found that the automobile, a blue 1971 Cadillac with Illinois license was, in fact, present.

At approximately 4:45 P.M. on the afternoon of November 30, 1972, Officer Robert Sharritt of the Michigan City Police Department received a radio report regarding a "Cadillac with Illinois plates" that was involved in a "failure to pay at the Holiday Inn." Subsequently the officer encountered an automobile in the area of "the Marquette Mall" which matched the description he had earlier received. After relating this fact to the police station, Sharritt remained within view of the automobile and awaited the arrival of detectives. During the officer's observation, two young ladies whom Sharritt later

identified as Pauline Ruhl and Mae Soil entered the automobile. When the vehicle began to move backward, Officer Sharritt positioned his squad car in such manner as to prevent it from moving further. He thereafter asked the driver, Pauline Ruhl, for her driver's license and registration. Presently, Detective Edwin M. Bigda arrived at the scene and took the automobile's occupants into custody. Later Ruhl and Soil were identified at the Holiday Inn and were placed under arrest for theft of services.

Officer Sharritt testified that the automobile had been locked prior to the arrival of Ruhl and Soil at the scene. Following their removal by Detective Bigda, Officer Sharritt remained with the automobile until he was replaced by Officer Mary Susan Bigger who thereafter maintained continuous surveillance over the vehicle. At approximately 6:50 P.M., Officer Bigger observed the arrival of appellant Young in a taxicab. She testified that Young unlocked the automobile in question, entered it and proceeded to exit the parking lot at the Mall. Officer Bigger followed the Young automobile and, during her progress, was rejoined by Officer Sharritt. The officers eventually stopped Young and requested that he follow Officer Sharritt to the police station. Upon his arrival at the police station, Young parked the automobile, locked it and proceeded inside. He was thereafter placed under arrest for theft of services. During the course of the investigation which followed his arrest, the police sought to determine the ownership of the vehicle which Young had driven. At such time, certain objects which included a box containing several articles of clothing and price tags were discovered inside of the automobile. These items were later seized after a warrant had been obtained which authorized a search of the automobile. It was subsequently determined that several of the articles of clothing which were introduced at trial over appellants' objection had been removed from a store without having been purchased.

The first issue to be considered is whether the objects seized from the inside of the automobile (State's Exhibits Nos. 1 through 9) were obtained as the result of an illegal search and seizure and were, therefore, improperly admitted into evidence at appellants' trial.

Appellants preface their arguments with regard to this issue with the contention that the record fails to disclose evidence of a warrant for search and seizure pertaining to the automobile and its contents. It is asserted that this court must regard the warrant which appears in the record among pretrial entries, as non-existent for the reason that it was not introduced into evidence by the State at trial.

However, an examination of the transcript of testimony before the trial court discloses that neither the existence nor the validity of the search warrant on its face were matters in controversy prior to this appeal. Direct testimony that a warrant was, in fact, issued authorizing a subsequent search of the automobile and a seizure of the evidence in dispute was not objected to by appellants at trial and is a matter of record. Under these circumstances, it was not incumbent upon the State to introduce the actual document into evidence, and testimony regarding the warrant must be considered sufficient proof of its existence.

Further, it must be concluded that the evidence in question was not discovered as the result of a search and was not, thereafter, seized by illegal means. In this regard, the record indicates that at approximately 7:10 to 7:15 P.M. on November 30, 1972, appellant Young was formally arrested at the police station. At approximately 7:30 P.M. Officer Bigda proceeded to the police station parking lot in an attempt to ascertain the ownership of the automobile which Young had driven. The officer testified that he checked the ownership of the vehicle by examining the automobile's vehicle identification number located "on the left front windshield." Darkness required his use of a flashlight in the process. During his investigation, the officer noticed "a box in the back seat on the

righthand side with items of clothing and some tags sticking out of the box." He also observed that the "tags were intact with both halves together." Such observation was made from the outside of the automobile and did not involve an entry of the vehicle. Officer Bigda testified that he was aware of the fact that at certain stores "they have a double tag, and when they sell this item they remove one-half of the tag." Following his discovery of the items, the officer requested that appellant-Young give his consent to a search of the automobile. After this request was refused, Officer Bigda obtained a search warrant authorizing the subsequent seizure of the evidence in dispute.

Under what has become known as the "plain view doctrine" evidence which is observed in plain view by an officer rightfully in a position to have such view is not regarded as the product of a search. *United States* v. *Conner* (7th Cir. 1973), 478 F. 2d 1320; *Marshall* v. *United States* (5th Cir. 1970), 422 F. 2d 185; *Alcorn* v. *State* (1970), 255 Ind. 491, 265 N.E.2d 413; *Bonds* v. *State* (1973), 158 Ind. App. 579, 303 N.E.2d 686, 39 Ind. Dec. 634 (transfer denied). See: *Coolidge* v. *New Hampshire* (1971), 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564; *Frazier* v. *Cupp* (1969), 394 U.S. 731, 89 S.Ct. 1420, 22 L.Ed.2d 684; *Harris* v. *United States* (1968), 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067; *Ker* v. *State of California* (1963), 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726; *United States* v. *Lee* (1927), 274 U.S. 559, 47 S.Ct. 746, 71 L.Ed. 1202.

In the instant case, the evidence supports the conclusion that Officer Bigda discovered the box containing the articles of clothing and price tags in plain view. In addition, it should be pointed out that this fact is not altered by the officer's use of a flashlight where there is no evidence of the "prying into hidden places for that which is concealed" commonly regarded as a search. See: *Marshall* v. *United States, supra; Williams* v. *United States* (5th Cir. 1968), 404 F. 2d 493; *Alcorn* v. *State, supra; Miller* v. *State* (1973), 156 Ind.

App. 140, 295 N.E.2d 632, 36 Ind. Dec. 234; *State* v. *Greer* (1968), 7 Ariz. App. 155, 436 P. 2d 933; *People* v. *Cacioppo* (1968), 264 Cal. App. 2d 392, 70 Cal. Rptr. 356; See also: *United States* v. *Lee, supra.*

Testimony adduced at trial further discloses that at the time of Young's initial detention the police "had a report of two females and one male that were involved in the failure to pay at the Holiday Inn." Moreover, the police were seeking a "1971 blue Cadillac with Illinois license plates * * * wanted for pay at the Holiday Inn." Two females who had entered an automobile, the description of which matched that of the one sought, had been taken into custody. Appellant Young was observed entering the same automobile and was followed as he drove it from the parking lot at the Marquette Mall. The police who were in possession of such information had ample cause to stop a blue 1971 Cadillac with Illinois license plates and to arrest its male occupant.

In view of these facts, the police, at the time of Young's initial detention on the highway might properly have examined the automobile's vehicle identification number since it is clear that such action would have not constituted a search. *Fisher* v. *State* (1973), 259 Ind. 633, 291 N.E.2d 76; *Muegel* v. *State* (1971), 257 Ind. 146, 272 N.E.2d 617; *MacGregor* v. *State* (1967), 249 Ind. 195, 231 N.E.2d 241. Officer Bigda's subsequent examination of the identification number was a matter of routine procedure "in the course of arresting and booking a subject", and was no less justified than if it had taken place when the opportunity was earlier presented. Cf: *Cady* v. *Dombrowski* (1973), 413 U.S. 433, 93 S.Ct. 2523, 37 L.Ed.2d 706. The officer was thus rightfully in a position to discover the evidence which he observed in plain view. What he observed gave him probable cause to believe that the articles of clothing contained in the vehicle were stolen. The issuance of a warrant authorizing a search of the automobile and a seizure of the evidence was, therefore, justified.

Appellant Young contends that the seizure of the keys to the automobile from his belongings was illegal by reason of the fact that such seizure was not authorized by the warrant pertaining to the automobile and its contents.

We do not, however, regard the removal of the keys from appellant's belongings as unreasonable or illegal where such removal took place after a warrant for a search of the automobile had been obtained.

Appellant Ruhl next asserts that the activity of the police in blocking the exit of the automobile from its parking space at the Marquette Mall constituted an illegal seizure of the vehicle which tainted the subsequent seizure of the evidence in question.

The activity of the police in momentarily preventing the progress of the automobile cannot, however, be considered to have amounted to a seizure where the police did not thereafter assume control over the vehicle, but rather, merely maintained surveillance from some distance.

The final issue presented for review is whether appellants' convictions are supported by sufficient evidence.

Ruhl and Young were convicted of theft pursuant to IC 1971, 35-17-5-3, *supra,* which provides as follows:

"A person commits theft when he (1) knowingly:

\* \* \*

"(f) obtains control over stolen property knowing the property to have been stolen by another, which knowledge may be inferred from the possession of such stolen property, wherever the theft may have occurred; or \* \* \*."

The evidence clearly establishes that several articles of clothing were discovered inside of an automobile which was driven by both Ruhl and Young and that such property had been stolen from a store at the Marquette Mall in Michigan City, Indiana. The automobile had been locked at all times other than those instances during which it was driven by appellants.

Constructive possession of the items later found inside the vehicle may thus be imputed to both appellants. *Corrao* v. *State* (1972), 154 Ind. App. 525, 290 N.E.2d 484, 34 Ind. Dec. 277. And, knowledge on the part of appellants that the property was stolen may be inferred. *Lawrence; Morman* v. *State* (1963), 244 Ind. 305, 192 N.E.2d 629. The necessary elements of the offense of theft as defined in IC 1971, 35-17-5-3(f), *supra,* have been proven and the evidence is, therefore, sufficient to support appellants' convictions of theft.

No reversible error having been shown, the judgments of conviction appealed from are affirmed.

Affirmed.

Garrard and Staton, JJ., concur.

NOTE.—Reported at 319 N.E.2d 347.