[Criminal No. 293.   Filed March 27, 1911.]

[114 Pac. 974.]

## WALTER SHARP, Defendant and Appellant, v. TERRITORY OF ARIZONA, Respondent.

1. INDICTMENT AND INFORMATION—PLACE OF OFFENSE.—An indictment charging the commission of murder in a certain county need not state in what particular portion of the county the crime was committed.

2. CRIMINAL LAW—CONTINUANCE—ABSENT WITNESSES—AFFIDAVITS—SUFFICIENCY.—A continuance in a criminal case on the ground of absent witnesses was properly refused, where the affidavits supporting the motion stated no facts from which the court could determine either whether the testimony of the witnesses was material or whether there was any reasonable probability that the attendance of such witnesses might be secured at a subsequent term.

APPEAL from a judgment of the District Court of the Second Judicial District, in and for Cochise County. Fletcher M. Doan, Judge. Affirmed.

The facts are stated in the opinion.

R. N. French, for Appellant.

John B. Wright, Attorney General, for Respondent.

DOE, J.—Walter Sharp was found guilty of murder of the first degree, and sentenced to the territorial prison for life. From the judgment of conviction, he has appealed.

Of the numerous assignments of error, but two are discussed in appellant's brief. The overruling of appellant's demurrer to the indictment is assigned as error, on the ground that the indictment, which charges the crime to have been committed "at the county of Cochise, said territory of Arizona," is defective in failing to state in what particular portion of Cochise county the crime was committed. This contention is obviously without merit.

The remaining assignment discussed is based upon the overruling of defendant's motion for a continuance based on the ground of absent witnesses. The affidavits of the defendant and his counsel were presented in support of the motion. No facts are stated in either affidavit from which the court could determine either whether the testimony of the witnesses in question was material or whether there was any reasonable probability that the attendance of such witnesses might be secured at a subsequent term. Owing to the omission of these essential requirements, the motion was properly overruled.

An examination of the remaining assignments shows them to be equally destitute of merit.

No error appearing, the judgment of the district court is affirmed.

KENT, C. J., and DOE, CAMPBELL, and LEWIS, JJ., concur.