408 P.2d 410

The STATE of Arizona, Appellee,

v.

Leo CORTEZ, Appellant.

No. I CA–CR 42.

Court of Appeals of Arizona.

Dec. 10, 1965.

Darrell F. Smith, Atty. Gen., by Gary K. Nelson, Asst. Atty. Gen., for appellee.

Sheldon Stern, Phoenix, for appellant.

STEVENS, Chief Judge.

Leo Cortez, hereinafter referred to as defendant, was convicted by a jury of the crime of burglary in the first degree. He was sentenced to serve not less than five nor more than ten years in the State Penitentiary. From the judgment and sentence he appealed contending that the sentence was excessive and was an abuse of the trial court's discretion. Defendant urges this Court to modify and reduce the sentence under the authority of § 13–1717, subsec. B, A.R.S., which states:

"Upon an appeal from the judgment or from the sentence on the ground that it is excessive, the court shall have the power to reduce the extent or duration of the punishment imposed, if, in its opinion, the conviction is proper, but the punishment imposed is greater than under the circumstances of the case ought to be inflicted. In such a case, the supreme court shall impose any legal sentence, not more severe than that originally imposed, which in its opinion is proper. Such sentence shall be enforced by the court from which the appeal was taken."

Defendant urges that because this is his first conviction of a felony he should be entitled to a minimum sentence and that no rehabilitation is possible for him while sentenced to a term of from five to ten years. There is, however, no requirement that a first offender be given a minimum sentence. State v. Killian, 91 Ariz. 140, 370 P.2d 287 (1962); State v. Morris, 97 Ariz. 417, 401 P.2d 147 (1965).

It is well established that the penalty upon conviction of a crime is, within the limits of the statute, entirely within the sound discretion of the trial judge, and will not be modified unless it clearly appears that the sentence imposed is excessive, resulting in an abuse of discretion. State v. Castano, 89 Ariz. 231, 360 P.2d 479 (1961); State v. Gastelum, 98 Ariz. 292, 404 P.2d 88 (1965); State v. Anders, 2 Ariz.App. 42, 406 P.2d 244 (1965). In State v. Maberry, 93 Ariz. 306, 380 P.2d 604 (1963) the Supreme Court stated:

"Because a defendant appears in person before the trial judge, the trial

judge is, in most instances, better able than we to evaluate him and to determine what is necessary to rehabilitate him to constructive activity. It is for this reason that the legislature has given the trial court wide discretion to sentence a defendant for a period somewhere between a statutory minimum and a statutory maximum."

It was apparently the trial judge's conclusion that the defendant's rehabilitation and society's protection would most effectively be realized through confinement for a considerable period of time.

Section 13–302 A.R.S. provides that burglary in the first degree shall be punishable by imprisonment in the state prison for not less than one nor more than fifteen years. The sentence imposed of five to ten years is well within the statutory limits and finding no abuse of discretion by the trial judge in the sentencing of the defendant, this Court must affirm the judgment.

Judgment affirmed.

CAMERON and DONOFRIO, JJ., concur.