409 P.2d 90

**The STATE of Arizona, Appellee,**

v.

**Edward B. PADILLA, Appellant.**

**No. 1 CA–CR 58.**

Court of Appeals of Arizona.
Dec. 28, 1965.

Darrell F. Smith, Atty. Gen., by Gary K. Nelson, Asst. Atty. Gen., for appellee.

George M. Ireland, Prescott, for appellant.

CAMERON, Judge.

Appellant, Edward B. Padilla, entered a plea of guilty and was adjudged guilty of the crime of forgery in violation of Section 13-421, subsec. A A.R.S., and sentenced to a term of not less than three nor more than five years in the Arizona State Penitentiary.

Defendant filed his notice of appeal in propria persona and counsel was appointed by the trial court pursuant to A.R.S. Section 13-161, to represent him on appeal.

■ Counsel advised this Court by written communication that he had searched the record, including the transcript of proceedings and had been unable to find grounds upon which an appeal could be based. This Court ordered the appeal submitted, and under A.R.S. Section 13-1715, the Court must search the record for fundamental error. State v. Burrell, 96 Ariz. 233, 393 P.2d 921 (1964).

■ The defendant, after having been informed of his right to counsel, and after having been asked whether or not he understood the nature of the plea and the charges against him, indicated that he wished to waive the appointment of an attorney and enter a plea at that time. The court again informed him of his right to have counsel before accepting the plea of guilty. The only question before this Court is whether or not the defendant intelligently waived his right to counsel before entering his plea of guilty to the crime charged.

Rule 163 of the Rules of Criminal Procedure, 17 A.R.S., reads in part as follows:

"Before the defendant is arraigned on a charge of felony, if he is without counsel, the court shall ask him if he desires the aid of counsel and if he answers in the affirmative, and declares, under oath, that he has no means to employ counsel, the court shall assign counsel to represent him in the action. Counsel so assigned shall serve without cost to the defendant, and shall have free access to the defendant, in private, at all reasonable hours while acting as counsel for him * * *."

Rule 182 of the Rules of Criminal Procedure, 17 A.R.S., reads as follows:

"When the defendant is not represented by counsel the court shall not accept a plea of guilty until it has explained to the defendant the consequences of such plea, but a failure of the court to explain the consequences of the plea shall not affect the validity of any proceeding in the action."

Our Supreme Court stated:

"The courts indulge every reasonable presumption against waiver of fundamental constitutional rights, and we do not presume acquiescence in the loss of fundamental rights. Johnson v. Zerbst, supra. A waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege.

The determination of whether there has been an intelligent waiver of the right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience and conduct of accused." State v. Anderson, 96 Ariz. 123 at 131, 392 P.2d 784, 790 (1964).

The pre-sentencing report indicates that the appellant is 27 years of age, that he was previously sentenced for a term of five to eight years in the Arizona State Penitentiary on the charge of statutory rape, that he was later sentenced to one to two years for first degree burglary, and that he was not a stranger to criminal courts or criminal procedure. Based upon the particular facts and circumstances including the background and experience of the accused, State v. Anderson, supra, we feel that the appellant intelligently waived his right to counsel and entered a plea of guilty, well aware of the consequences of that plea. On examination of the record and transcript we find no reversible error.

Judgment affirmed.

STEVENS, C. J., and DONOFRIO, J., concur.