410 P.2d 669

**STATE of Arizona, Appellee,**

v.

**Bobby Donnell MASSEY, Appellant.**

**No. 1 CA–CR 66.**

Court of Appeals of Arizona.

Jan. 28, 1966.

**552**

. Allen L. Feinstein, Phoenix, for appellant.

STEVENS, Chief Judge.

Bobby Donnell Massey, hereinafter referred to as appellant, was adjudged guilty of the crime of burglary in the first degree in violation of Sections 13-301 and 13-302 A.R.S., and sentenced to a term of not less than five nor more than eight years in the Arizona State Penitentiary.

From the facts material to this appeal, it appears that on May 26, 1965, an information for first degree burglary was filed against appellant and a co-defendant, Andy Olivas Ybarra, with an addendum to the information alleging a prior felony conviction against appellant. Arraignment was held on June 10, 1965, at which time appellant entered a plea of not guilty, denied the allegation of prior conviction and trial was set for June 29, 1965. On July 1, 1965, appellant withdrew his former plea and entered a plea of guilty to the charge; whereupon the allegation of prior conviction was stricken by motion of the County Attorney. Appellant was represented by court appointed counsel at the times of his pleas and at the time of sentencing.

The facts and circumstances surrounding the commission of the crime are as follows: On or about the 23rd day of April, 1965, at approximately 12:30 a. m. a merchant patrolman noticed that the rear gate of Randall's Garage located in Mesa, Arizona, had been opened by force. Further investigation revealed the presence of someone in the building. The Mesa Police Department was notified and an owner of the establishment summoned. After a brief search of the premises, the appellant and co-defendant were located in the building.

Appellant filed his notice of appeal in propria persona on 17 August 1965, urging that the judgment and conviction were "unfair and unmerciful in that appellant was given time in excess of an otherwise compassionate court" and that "appellant also contends his counsel retired from his case before appealing and contends that his counsel was incompetent". Different counsel was appointed by the trial court pursuant to § 13-161 A.R.S. to prosecute this appeal.

Counsel advised this Court by written communication that he had been unable to find grounds upon which an appeal could be based. Under § 13-1715 A.R.S. the Court must search the record for fundamental error in all criminal appeals and this appeal was, therefore, submitted on the record.

▆ Section 13-302 A.R.S. provides that burglary in the first degree shall be punishable by imprisonment for not less than one nor more than fifteen years. It is well established that absent a showing of an abuse, the term of the sentence within the limitation prescribed by statute, will be left to the discretion of the trial judge. State v. Cortez, 2 Ariz.App. 306, 408 P.2d 410 (1965); State v. Bradley, 99 Ariz. 328, 409 P.2d 35 (filed December 22, 1965). The sentence imposed of five to eight years is well within the statutory period. *Cortez.* In the trial court, appellant's co-defendant received a sentence of not less than three nor more than five years. There is no requirement that the court impose identical sentences upon co-defendants. Hardesty v. State, 223 Md. 559, 165 A.2d 761 (1960). The fact that one defendant jointly charged

and found guilty received a lesser sentence than is imposed on the other, does not invalidate the sentence that is the more severe. Nor does anything appear in the record to support in any way the claim that trial counsel was incompetent.

On examination of the record we find no reversible error. State v. Moreno, 2 Ariz.App. 43, 406 P.2d 245 (1965); State v. Padilla, 2 Ariz.App. 374, 409 P.2d 90, (filed December 28, 1965).

Judgment affirmed.

CAMERON and DONOFRIO, JJ., concurring.