412 P.2d 79

The STATE of Arizona, Appellee,

v.

Charles Wayne MOHON, Appellant.

No. I CA–CR 68.

Court of Appeals of Arizona.

March 16, 1966.

STEVENS, Chief Judge.

Charles Wayne Mohon, hereinafter referred to as appellant, appealed from a judgment of conviction rendered on a plea of guilty to first degree burglary in the Superior Court of Yuma County.

The facts necessary to this appeal are as follows: Appellant, his co-defendant in the Superior Court, Albert C. Grillett, and a third person were arrested Saturday, 6 November 1965, after they had forcibly entered the School District #1 Administration Building located at 450 West 6th Street in Yuma, Arizona. Appellant and Grillett waived preliminary hearing and an information for burglary was filed against them on 9 November 1965. Arraignment was held the same day. At the arraignment appellant, after being fully informed of his rights, the seriousness of the crime and the maximum penalty which could be imposed upon him, Mohon waived counsel and plead guilty. The court inquired into the voluntariness of the plea, specifically asking whether any promises or threats had been made to him regarding the sentence he might receive in the case. The matter was continued for sentencing until 18 November and recontinued to 23 November 1965. At the time of sentencing, appellant was again advised of his right to counsel and the seriousness of the offense. The court further advised appellant of the knowledge it had of his past record and that he had no reason to anticipate any leniency from the court. Appellant again waived his right to counsel and stated he wanted his prior plea to stand. The court then imposed a sentence of not less than five nor more than fourteen years in the State Penitentiary on both appellant and Grillett.

Appellant filed his notice of appeal in propria persona on 28 December 1965, urging that his plea and refusal of counsel resulted from promises by the interrogating officer that if he would "cooperate", he would get three to four years and positively not more than five years.

Counsel was appointed by the trial court pursuant to § 13–161 A.R.S. to prosecute

Darrell F. Smith, Atty. Gen., by Gary K. Nelson, Asst. Atty. Gen., for appellee.

Thomas G. Choules, Yuma, for appellant.

this appeal. Counsel advised this Court by written communication that he had searched the record and had been unable to find grounds upon which an appeal could be based. The Court thereafter ordered the appeal submitted on the record pursuant to § 13–1715 A.R.S.

 While it is the rule that the constitutional and statutory right of an accused to counsel will be zealously protected, nevertheless, it is a right which may be waived. State v. Anderson, 96 Ariz. 123, 392 P.2d 784 (1964); Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).

Appellant's appeal is predicated, in part, upon matters which are wholly outside the record. The fact of appellant's "cooperation" was not presented to the trial judge and cannot be considered by this Court on appeal for the first time. State v. Vallejos, 89 Ariz. 76, 358 P.2d 178 (1961). The fact that the appellant has urged these matters in his notice of appeal has caused us to comment more fully than we might otherwise on the trial judge's very careful protection of the rights of the appellant. The record of the proceedings at the time of arraignment and sentencing shows that the trial judge diligently and fully advised appellant of his right to counsel and that he specifically waived that right. The record reveals further that the appellant was 33 years of age, a man of reasonable intelligence and that he was not unfamiliar with criminal procedure. In a case, such as the present, where the record affords substantial basis for the conclusion that the waiver of the right to counsel was made by one who knowingly and intelligently waived that right with an intelligent conception of the consequences of his act, the person cannot later complain that he was denied counsel when the sentence imposed was greater than that which he had hoped for or expected.

* This appeal was filed with the Arizona Supreme Court and assigned that Court's Number 8404. The matter was refer-

Section 13–302 A.R.S. provides that burglary in the first degree shall be punishable by imprisonment for not less than one nor more than fifteen years. The sentence imposed in the present case is within the statutory limit and does not, therefore, constitute an abuse of the trial court's discretion. State v. Massey, 2 Ariz.App. 551, 410 P.2d 669 (1966).

On examination of the record, we find no reversible error.

Judgment affirmed.

CAMERON and DONOFRIO, JJ., concurring.