412 P.2d 484

### In the Matter of the Application of Albert Curtis Grillett For a Writ of Habeas Corpus.

### Albert Curtis GRILLETT, Petitioner,

### v.

### Frank A. EYMAN, Warden, and the State of Arizona, Respondents.

### No. 2 CA–HC 22.

Court of Appeals of Arizona.

March 30, 1966.

Albert Curtis Grillett, pro. per.

· Darrell F. Smith, Atty. Gen., James S. Tegart, Asst. Atty. Gen., Phoenix, for respondents.

KRUCKER, Chief Judge.

Petitioner, Albert Curtis Grillett, together with a co-defendant, Charles Wayne Mohon, pleaded guilty to burglary, first degree, in the Superior Court of Yuma County, Arizona, and was sentenced to the Arizona State Prison on the 23d day of November, 1965, for a term of not less that five nor more than fourteen years. The defendant Mohon appealed to the Court of Appeals, Division One, and the conviction was affirmed. See State v. Mohon, 3 Ariz.App. 82, 412 P.2d 79 (March 16, 1966).

Petitioner herein claims that a writ of habeas corpus should be granted on the grounds that he was excessively interrogated, refused counsel at all stages, and that he was made promises of leniency by certain officers. A reading of this petition would indicate substantial violations of the petitioner's constitutional rights, but none of these assertions are in any way sustained. This Court has before it a reporter's transcript of the proceedings in the Superior Court of Yuma County, Arizona, at the time of the arraignment and sentencing and it is apparent to this Court that the superior court zealously guarded all of the petitioner's rights and went to greater length than necessary in explaining these rights to the petitioner.

We quote portions of the transcript as follows:

On November 9, 1965:

"THE COURT: * * * You have numerous rights that are guaranteed to you by the constitution and laws of the United States and the State of Arizona, including the right to a jury trial, the right to remain silent, or to testify in your own behalf, to summon witnesses in your defense, and to require the State to prove you are guilty beyond a reasonable doubt.

However, * * * the most important right that must be discussed is the right to have counsel. You are entitled, as a matter of absolute right, to be represented by an attorney.

* * * * * *

Do you, Mr. Grillett, desire the services of an attorney?

DEFENDANT GRILLETT: No.

THE COURT: Rule 163 [17 A.R.S.] specifically requires that before the defendant is arraigned on the charge of felony if he is without counsel the Court shall ask him if he desires the aid of counsel. * * * (T)here is a provision for the Court to assign Counsel to represent you without any charge at all to you. Now you both, then, I take it, understand that you have a right to counsel?

* * * * * *

DEFENDANT GRILLETT: Yes, sir.

THE COURT: Now, do you, knowing your right and the seriousness of the charge * * * I ask you again. Do you, * * * desire the aid of counsel?

* * * * * *

DEFENDANT GRILLETT: No.

THE COURT: Do you feel you, yourself, wish to proceed without counsel?

* * * * * *

Understanding you have this right, and the Court hasn't asked you whether or not you can afford counsel, because it doesn't make any difference. If you cannot afford counsel the Court will ap-

point counsel for you. That is an absolute right that you have. It is also true that you have the right to give that up.

Do I understand now that that is what you both wish to do? You wish to give up the right to counsel and proceed without a lawyer?

DEFENDANT GRILLETT: That is correct, sir.

THE COURT: Very well. Is that action on your part strictly voluntary?

DEFENDANT GRILLETT: Yes.

* * * * * *

THE COURT: There have been no threats or promises or intimations of any kind made to you to give up the right to counsel or anything of that kind?

* * * * * *

DEFENDANT GRILLETT: No, sir.

* * * * * *

THE COURT: Mr. Grillett, do you desire to plead at this time?

DEFENDANT GRILLETT: Yes, sir.

THE COURT: What is your plea?

DEFENDANT GRILLETT: I plead guilty.

THE COURT: Before the Court can accept that plea of guilty the Court must be sure of certain things. First, that the plea of guilty really does represent the truth of the transactions. That is, there is no mistake that is what it is. Secondly, that the plea has been fairly taken and that it is entirely and fully voluntary and that at the time that you plead you knew the consequences.

* * * * * *

THE COURT: Again, the Court must caution you that * * *. It is then burglary in the first degree if it is a night time burglary, and burglary in the first degree can carry a sentence as high as fifteen years in the State's prison. * *

* * * * * *

THE COURT: Has any intimation or promises been made to you as to what sentence you might receive in the case?

* * * * * *

DEFENDANT GRILLETT: No, sir.

THE COURT: Have any intimations been made to you that it would go easier on you if you plead guilty, or anything?

* * * * * *

THE COURT: Or any threats that it would go harder if you didn't, or anything of that kind?

DEFENDANT GRILLETT: Nothing at all.

* * * * * *

THE COURT: Very well. The Court, then, finds that the plea does represent the truth of the matter and that it is free and voluntary and that the defendants do know the consequences thereof. The Court accepts the plea and enters judgment that the defendants are guilty of felony, to wit: Burglary in the first degree."

On November 23, 1965:

"THE COURT: * * * Now, before we proceed further in this matter, you * * * stated specifically to the Court that you did not desire counsel and that you were ready to plead and you did enter a plea of guilty to the crime of burglary in the first degree.

The Court advised you at that time that burglary in the first degree was a very serious offense and your sentence could run as high as fifteen years in State's prison * * *. The Court will again tell you at this time that you do have a right to counsel and that at this time if you or either of you so desire the Court will appoint counsel to represent you.

* * * Do you desire counsel at this time?

* * * * * *

DEFENDANT GRILLETT: No, sir.

* * * * * *

THE COURT: Mr. Grillett, do you wish your plea of guilty to stand?

DEFENDANT GRILLETT: Yes.

* * * * * *

THE COURT: Have you, * * * anything you wish to say? This is your

last opportunity to address the Court. The Court will hear anything that * * you wish to say.

* * * * * *

DEFENDANT GRILLETT: There wasn't no reason for it. I wish we wouldn't have did it, but we did. That is the consequences, I guess."

Finding no violation of the petitioner's rights, the application for a writ of habeas corpus is denied.

HATHAWAY and MOLLOY, JJ., concur.