417 P.2d 736

**STATE of Arizona, Appellee,**

v.

**Shirley Jeanette SMITH, Appellant.**

**No. I CA–CR 92.**

Court of Appeals of Arizona.

Aug. 31, 1966.

Darrell F. Smith, Atty. Gen., by Gary K. Nelson, Asst. Atty. Gen., for appellee.

Vernon B. Croaff, Public Defender, by Grant Laney, Deputy Public Defender, for appellant.

## CAMERON, Judge.

This is an appeal from a judgment of guilty of the crime of grand theft (13–661 and 13–663 A.R.S.) and the imposition of a sentence of not less than nine nor more than ten years in the Arizona State Penitentiary.

The defendant appeals In Propria Persona and we are called upon to search the record for fundamental error as well as to determine whether the defendant was properly represented by an attorney from the Maricopa County Public Defender's Office.

The facts necessary for a determination of this matter on appeal are as follows: Complaint was filed on or about 24 November, 1965, charging defendant with a felony, to wit, burglary. The defendant was arrested, and Mr. Craig Mehrens, Esq., an attorney from the Maricopa County Public Defender's Office was appointed to represent her.

A preliminary hearing was held 9 and 10 December, 1965, at which time the defendant was represented by Mr. Mehrens. The defendant was held to answer to the crime of burglary, on 10 December, 1965.

An information was filed 5 January, 1966, by the County Attorney charging the crime of burglary, a felony, and alleging a prior felony conviction for first degree burglary on 8 February, 1961, in the Superior Court of Maricopa County. On 23 February, 1966, an amended information was filed in the instant action charging the defendant with grand theft, a felony, and filed with said amended complaint was a paper reciting as follows:

"It is hereby stipulated by defendant and his counsel that this amended complaint is filed without objection for the purpose of entering a plea of guilty. * * *"

This was signed by the defendant Shirley Smith, her attorney, and the Deputy County Attorney.

At this time, she was arraigned before the court for plea and sentencing, and her attorney offered to enter a plea of guilty to the charge of grand theft. Parts of the transcript of the arraignment are as follows:

"The Court: Now your attorney has offered to enter a plea of guilty to grand theft in the information. Is that your desire, to enter a plea of guilty to grand theft in the information?
"Answer:
(By Shirley
Jeanette Smith) Yes, sir."

\* \* \* \* \* \*

"Mr. Mehrens: If you will sentence today, Judge, it is the defendant's desire to waive time for sentencing.

"The Court: Shirley Jeanette Smith, is it your desire now to waive the time for sentencing and be sentenced at this time?
"Answer:
(By Shirley
Jeanette Smith) Yes."

\* \* \* \* \* \*

"The Court: Now, Shirley Jeanette Smith, do you have anything to say before sentence is passed on you?

"Answer:
(By Shirley
Jeanette Smith) No."

The defendant was then sentenced to not less than nine nor more than ten years in the Arizona State Penitentiary.

 Defendant filed her appeal In Propria Persona and alleged misconduct on the part of her attorney claiming that said attorney "at no time expressed any interest in my innocence", and further:

"I am appealing the sentence, not only the amount of time but the methods used by my attorney. I feel he has abused my rights not only in the aforesaid manner but in inviting judicial error in sentencing by not allowing the court sufficient time to consider what the sentence should be."

The record simply does not support defendant's contentions. The record shows that she entered a plea of guilty and requested immediate sentencing. The more serious charge, including a prior felony conviction (13–1649 A.R.S.), was not prosecuted further. We cannot say from the record that defendant was not well represented. In fact, the contrary appears to be the case. In any event, we will not consider matters on appeal which are wholly outside the record. State v. Mohon, 3 Ariz.App. 82, 412 P.2d 79 (1966), State v. Edwards, 1 Ariz.App. 42, 399 P.2d 176 (1965).

 Defendant's contention that her attorney at no time "expressed any interest in 'her' innocence" has no merit. It is not necessary that an attorney believe in his client's innocence before he can provide the proper ethical and professional representation of his client which the law requires. (Canon 5 of the Canons of Professional Ethics).

 The sentence being within the allowable limits for the crime charged, we will not disturb it on appeal. State v. Sowards, 99 Ariz. 22, 406 P.2d 202 (1965), A. R.S. §§ 13–663, 13–671.

* The Petition was filed with the Arizona Supreme Court and assigned that Court's Number 8471. The Arizona Supreme

The Public Defender moved to submit the matter for the reason that he was unable to find any reversible error. We have searched the record as required (13–1715 A.R.S.), State v. Padilla, 2 Ariz.App. 374, 409 P.2d 90 (1965), and find no reversible error.

Judgment affirmed.

STEVENS, C. J., and FRANCIS J. DONOFRIO, J., concur.