417 P.2d 734

**STATE of Arizona, Appellee,**

**v.**

**Robert Otis DUNBAR, Appellant.**

**No. I CA–CR 95.**

Court of ·Appeals of Arizona.

Sept. 6, 1966.

---

Darrell F. Smith, Atty. Gen., by Gary K. Nelson, Asst. Atty. Gen., for appellee.

Stark, Larson & Wood, by William H. (Rod) Wood, Phoenix, for appellant.

CAMERON, Judge.

Appellant, Robert Otis Dunbar, entered a plea of guilty and was adjudged guilty of the crime of burglary in the second degree (13–301 and 13–302 A.R.S.). He was sentenced to serve a term of not less than one year nor more than two years in the Arizona State Penitentiary.

Defendant filed his notice of appeal In Propria Persona and counsel was appointed by the trial court to represent defendant on appeal.

Counsel advised this Court by written communication that he had diligently searched, reviewed and studied the record on appeal and was unable to find reversible error upon which to base an appeal. This Court ordered the appeal submitted, and pursuant to Section 13–1715, A.R.S., the Court must search the record for fundamental error. State v. Padilla, 2 Ariz.App. 374, 409 P.2d 90 (1965), State v. Burrell, 96 Ariz. 233, 393 P.2d 921 (1964).

On 28 July, 1965, a complaint was filed and warrant issued for the arrest of the defendant and two others on the charge of burglary. On 29 July, 1965, defendant Dunbar appeared before a Justice Court Magistrate and after waiving his preliminary hearing, was held to answer to the charge of burglary. Information charging burglary was filed 8 August, 1965, and defendant was arraigned on 18 August, 1965. He was represented by counsel and after entering a plea of not guilty, waived the 60 day trial period (Rule 236, Rules of Criminal Procedure, 17 A.R.S.).

On 17 September, 1965, defendant Dunbar, represented by counsel, requested that the Superior Court order that the matter be remanded to the Justice Court for preliminary hearing. Request was granted, and on 16 November, 1965, preliminary hearing was held and defendant was again held to answer. On 7 January, 1966, an information was filed in Superior Court charging burglary. On 20 January, 1966, defendant was arraigned, pleaded not guilty, and on 7 February, 1966, the defendant withdrew his not guilty plea and entered a plea of guilty to an amended complaint charging burglary, second degree.

On 8 March, 1966, the Court, after reviewing the defendant's prior record and other matters, sentenced the defendant to serve not less than one nor more than two years in the State Penitentiary.

Although defendant waived the 60 day trial period in the Superior Court, the record does not show the reason for the delay between the time defendant was held to answer on 16 November, 1965, and the time the information was filed in the Superior Court on 7 January, 1966. Rule 236 states in part:

"When a person has been held to answer for an offense, if an information is not filed against him for the offense within 30 days thereafter, * * * the prosecution shall be dismissed upon the application of such person, or of the county attorney, or on the motion of the court itself, unless good cause to the contrary is shown by affidavit, or unless the action has not proceeded to trial because of the defendant's consent or by his action. When good cause is shown, the action may be continued, in which event the defendant if bailable shall be released on bail either of his own recognizance or on the undertaking of sureties."

We have stated before:

"Although the information is filed late it is not rendered void, but only subject to dismissal upon motion duly made unless good cause to the contrary is shown by affidavit. Sheridan v. Superior Court, 91 Ariz. 211, 370 P.2d 949 (1962). Defendant made no move to dismiss the proceedings but on the contrary withdrew a plea of not guilty theretofore made and entered a plea of guilty. A defendant may effectively waive the requirements of these rules and, in fact, may find it to his advantage to do so. Defendant's plea of guilty to the information, entered upon the advice of competent counsel, was a waiver of the irregularity of the day late filing since we have already determined such defect is non-jurisdictional." State v. Sheppard, 2 Ariz.App. 242, 244, 407 P.2d 783, 785 (1965).

And the Supreme Court of Arizona has also stated:

" * * * [I]n view of the fact that he [defendant] pleaded guilty and did not question the sufficiency of the information by demur or otherwise * * * [b]y his plea of guilty he waived all irregularities in the proceedings up to that time and also any error in the information that did not go to the extent of rendering it absolutely void." State v. Sparks, 97 Ariz. 358, 360, 400 P.2d 586, 588 (1965).

██ Prior to sentencing the trial court had before it the background of the defendant, the fingerprint report furnished by the United States Department of Justice, Federal Bureau of Investigation, and the Reporter's Transcript of proceedings at the preliminary hearing. While the record does reflect that at least one of Dunbar's co-defendants received probation, there is no requirement that the court grant identical treatment to co-defendants. State v. Massey, 2 Ariz.App. 551, 410 P.2d 669 (1966). The sentence being within the allowable limits of the statute based upon the defendant's background, we do not believe it to be excessive. State v. Cortez, 2 Ariz.App. 306, 408 P.2d 410 (1965).

On examination of the record, we find no reversible error.

Judgment affirmed.

STEVENS, C. J., and DONOFRIO, J., concur.