420 P.2d 193

**STATE of Arizona, Appellee,**

v.

**Prentice Eugene PONDS, Appellant.**

**No. I CA–CR II0.**

Court of Appeals of Arizona.

Nov. 17, 1966.

Darrell F. Smith, Atty. Gen., by Gary K. Nelson, Asst. Atty. Gen., for appellee.

Vernon B. Croaff, Public Defender, by Grant Laney, Deputy Public Defender, for appellant.

CAMERON, Judge.

Defendant was convicted by a jury and adjudged guilty of the crime of forgery (13–421 A.R.S.), and was sentenced to serve a term of not less than eight nor more than nine years in the Arizona State Prison.

The defendant filed his affidavit of indigency, and the Public Defender of Maricopa County was appointed to represent him on appeal. Counsel for defendant advised this Court that he had carefully searched the record, including the Reporter's Transcript, and could find no reversible error. Under these circumstances, we must search the entire record for fundamental error. 13–1715 A.R.S., State v. Burrell, 96 Ariz. 233, 393 P.2d 921 (1964), State v. Padilla, 2 Ariz.App. 374, 409 P.2d 90 (1965).

The facts indicate that the defendant presented to a Mr. Fay O'Dell, the manager of the A. J. Bayless Market No. 4, located at 1617 North 7th Street in Phoenix, Arizona, a forged check allegedly drawn by the Tonopah Water Company on the Guaranty Bank of Phoenix, Arizona. The evidence indicates that a series of checks had been previously stolen from the Tonopah Water Company, and that Mr. O'Dell had a bulletin concerning this fact. Mr. O'Dell called the Assistant Manager, Mr. Francis Miller, and holding the check, called the Tonopah Water Company. Defendant left at this time and was later apprehended by the police.

After a preliminary hearing, an information was filed in the Superior Court of

Maricopa County, alleging forgery (attempt to pass), a felony, stating that the defendant "* * * with intent to defraud, did attempt to pass as true and genuine to Francis Miller a certain forged instrument * * *." Defendant entered a plea of not guilty, and a trial was held before a jury, commencing 6 July 1966.

At the close of the State's case, the prosecution moved the court to make an amendment to the information to substitute "Fay O'Dell" for "Francis Miller", as the one to whom the defendant attempted to pass the check. The amendment to the information was granted by the court.

The jury returned a verdict of guilty to the charge specified in the amended information.

■ This matter may be distinguished from the recent case of State v. Singh, 4 Ariz.App. 273, 419 P.2d 403, decided 26 October 1966. In State v. Singh, supra, we reversed a conviction of forgery where the court allowed, what we held to be, an amended information to be substituted for the one under which the defendant was being tried. In the instant case, we have merely an amendment to the information to allege that the person to whom the forged instrument was published is a person different from that named in the information. The distinction between this case and Singh, supra, lies in the fact that both Mr. O'Dell and Mr. Miller were involved in the same identical transaction or the same identical publishing of the check (both acting as agents of A. J. Bayless Markets, Inc.), and an acquittal as to one would operate as an acquittal to the other. In Singh, supra, an acquittal as to the person first named in the information would not have operated as an acquittal to the second person named for the reason that we were there concerned with two separate and distinct acts of publishing. Substituting O'Dell for Miller did not change the offense and defendant was properly appraised of the charge against him and the act involved. The defendant was not prejudiced when the court granted

the motion of the prosecution to amend pursuant to Rule 145 of the Rules of Criminal Procedure, 17 A.R.S.

We have searched the record and find no reversible error.

Judgment affirmed.

STEVENS, C. J., and DONOFRIO, J., concur.