420 P.2d 297

The STATE of Arizona, Appellee,

v.

Johnny D. KERR, Appellant.

No. 2 CA–CR 75.

Court of Appeals of Arizona.

Nov. 22, 1966.

Darrell F. Smith, Atty. Gen., Phoenix, Lloyd D. Brumage, Pinal County Atty., Florence, for appellee.

Carl Moring, Coolidge, for appellant.

KRUCKER, Chief Judge.

Appellant, Johnny D. Kerr, was found guilty of escape from the Arizona State Prison, a felony, after a trial by jury in the Superior Court of Pinal County, and was sentenced to a term of not less than three nor more than five years from the date of completion of the sentence he was then serving in the Arizona State Prison.

Appellant filed his notice of appeal in propria persona and the trial court appointed counsel (other than counsel who represented him at the trial), to represent him on appeal. Counsel has advised this Court, in writing, that he has searched the record, including the trial transcript and the minutes of the proceedings below, and has been unable to find grounds on which an appeal could be based. Therefore, he has moved this Court to allow submission of the appeal on the record. Accordingly, we have searched the entire record for fundamental error as required by A.R.S. § 13–1715. State v. Burrell, 96 Ariz. 233, 393 P.2d 921 (1964); State v. Gilreath, 100 Ariz. 5, 409 P.2d 713 (1966); State v. Dunbar, 4 Ariz.App. 100, 417 P.2d 734 (1966).

The record disclosed that appellant, at the time set for arraignment, was fully advised of his right to counsel. He expressed his desire that counsel be appointed to represent him, whereupon the court appointed counsel. Arraignment was continued to a subsequent date, at which time appellant entered a plea of not guilty and waived the 60-day statutory requirement for trial. The case was consolidated for trial with another case wherein another prison inmate was charged with the same offense.

At the trial, the State introduced evidence that both defendants were inmates of the State Prison on the date of the alleged offense; that three prisoners, part of a road gang, were discovered missing; that upon discovery of the prisoners' absence from the work crew, several deputies were dispatched to hunt for them; and that the three escapees were subsequently, within a few hours, captured and taken into custody. The defendants were identified as being two of the three escapees.

It is evident that the jury had a sufficient factual basis to arrive at its verdict. We are satisfied that appellate counsel has made a conscientious investigation and agree, from our review of the record, that there are no grounds for a successful appeal.

Judgment affirmed.

HATHAWAY and MOLLOY, JJ., concur.