421 P.2d 903

**STATE of Arizona, Appellee,**

v.

**Frankie J. CORDOVA, Appellant.**

**No. I CA–CR 101.**

Court of Appeals of Arizona.

Dec. 28, 1966.

Darrell F. Smith, Atty. Gen., by Gary K. Nelson, Asst. Atty. Gen., for appellee.

McGillicuddy, Johnson & Rich, by Chris T. Johnson, Phoenix, for appellant.

CAMERON, Judge.

Defendant was adjudged guilty and sentenced to serve a term of not less than 10 nor more than 12 years for the crime of burglary in the nighttime—13–302, subsec. B, A.R.S.—and from said judgment and sentence filed his notice of appeal in propria persona.

Counsel was appointed to represent defendant on appeal and counsel has advised this Court that he has carefully searched the record and can find no reversible error. Under these circumstances, we must search the entire record for fundamental error. 13–1715 A.R.S., State v. Burrell, 96 Ariz. 233, 393 P.2d 921 (1964), State v. Padilla, 2 Ariz.App. 374, 409 P.2d 90 (1965).

Defendant was charged in an information filed 21 October, 1963, with the crime of burglary in the first degree in that he did,

"unlawfully and feloniously in violation of A.R.S. 13–302 enter, in the nighttime, the premises known as Evelyn's Bar and Liquor Store located in Winslow, Navajo County, Arizona, with the intent then and there to commit grant or petty theft, all the said acts named within taking place in the said city of Winslow, Navajo County, Arizona."

Defendant entered a plea of guilty and the court finding that,

"It appearing to the court that the ends of justice will best be served by suspending the imposition of sentence",

ordered that the imposition of sentence be suspended for a period of three years on certain terms and conditions. Among other conditions, defendant was required to pay the owner of the bar the amount of $750.00, he was to refrain from the use of intoxi-

cating liquors, and he was to obey all the laws of the land.

Motion to revoke and terminate probation was filed on 1 September 1965, and the court found that the defendant,

"On the 2nd day of February, 1966, being present in court and therein admitting that he had escaped from lawful custody, and further, that he had been convicted of driving while under the influence of intoxicating liquor, and the court having this date heard evidence accusing the defendant of aggravated battery and kidnapping, and it appearing to the satisfaction of the court that the defendant committed said acts, the defendant having waived time for passing of sentence the court then proceeded to sentence him as follows:"

The sentence is within the allowable limits provided in the statute (one to fifteen years). We find no error in the magnitude of the sentence.

We have searched the record and find no reversible error.

Judgment affirmed.

STEVENS, C. J., and DONOFRIO, J., concur.