422 P.2d 415

**STATE of Arizona, Appellee,**

v.

**James William SKINNER, Appellant.**

**1 CA–CR 82.**

Court of Appeals of Arizona.

Jan. 17, 1967.

Rehearing Denied Feb. 20, 1967.

Review Denied March 21, 1967.

Darrell F. Smith, Atty. Gen., by Philip W. Marquardt, Asst. Atty. Gen., for appellee.

Miller, Pearson & Sullivan, by Gerald F. Sullivan, Phoenix, for appellant.

CAMERON, Chief Judge.

This is an appeal from a judgment of the court sitting without a jury finding the defendant guilty of aggravated assault against his wife and sentencing him to a term of not less than one nor more than two years in the Arizona State Penitentiary.

We are called upon to determine:

1. Whether the court committed error by considering evidence of other crimes and acts of misconduct on the part of the defendant of which the defendant was previously acquitted.

2. Whether the court abused its discretion by imposing a sentence on the defendant which the defendant contends was greater than the circumstances justified.

3. Whether the court committed constitutional error by failing to formally consent to the waiver of the jury at the trial held below.

The facts necessary for a determination of this matter are as follows: Defendant allegedly arrived at his wife's apartment at approximately 5:00 p. m., 5 October 1965. A divorce was pending between the two and the defendant allegedly became enraged over his wife's actions and beat her severely with his fists while telling her that "she wasn't going to get a divorce no way.". The wife put in a call to her mother and father, and also called the police. The defendant called his mother. During the remainder of the evening that followed, there is evidence:

1. of an altercation between defendant and the wife's father,

2. that defendant's automobile either caught fire or somebody set fire to it,

3. of strong words and harsh feelings between the defendant and the wife's father, and between the police and the defendant, and

4. dissention between defendant's mother and the wife.

What ensued was a "running off and on" domestic altercation which the trier of fact partially solved by finding the defendant guilty of aggravated assault.

## ADMISSION OF EVIDENCE CONCERNING PRIOR OFFENSES

The first witness called by the State was the wife of the defendant. On cross-examination by defendant's counsel, the following remarks took place:

"Q: You referred to the incident with your father that occurred at the car. Was there a charge filed in that matter?

"A: Yes, there was, assault and battery.

"Q: And has that matter been tried?

"A: Yes, it was. It was tried in the City Court and he was found guilty and he appealed it and took it to the Superior Court and they found him not guilty because the judge did not want to be involved in matrimonial troubles. (Quote from the judge).

"Q: Was Mr. Skinner present in City Court?

"A: No, he didn't show up.

"Q: It was tried in his absence, is that correct?

"A: Yes.

"Q: And then it was taken to the Superior Court was it not?

"A: Right. I believe you attended the courtroom at that time.

"Q: And the judge heard testimony of all the parties, didn't he?

"A: Yes, except there was one lying witness.

"Q: We're not mentioning your father's testimony.

"A: No, I want to clarify it. His girl friend lied, not my father.

"Q: Your mother and father were heard, weren't they?

"A: Yes, they were.

"Q: And the judge found that Mr. Skinner was not guilty?

"A: That is right.

"Q: Wasn't there testimony given at that time that your father had choked Mr. Skinner and dragged him out of the car backwards?

"Mr. McCarthy: Objection, Your Honor, now we are calling for hearsay of a witness.

"Mr. Brennan: This was sworn testimony in the other matter.

"The Court: Was this witness present at that time?

"Mr. Brennan: Yes, sir.

"Mr. McCarthy: Well, Your Honor, I don't think I opened the subject to that variety of hearsay.

"The Court: I don't want to go into that hearing. We are concerned with the incidents as referred to in the complaint filed in this case. We can only try one case at a time."

On direct examination the court allowed the wife to testify concerning the altercation which occurred between the defendant and her father, and which formed the basis of the complaint in the City Court which matter was appealed to the Superior Court and dismissed. Defendant assigns as error the admission of this evidence.

■ The rule is well settled that evidence of other criminal acts may be admissible when it is so interrelated with the act for which the defendant is being charged that the trier of fact cannot have a full understanding of the circumstances without such evidence. State v. Waits, 1 Ariz.App. 463, 404 P.2d 729 (1965); State v. Villavicencio, 95 Ariz. 199, 388 P.2d 245 (1966).

■ Defendant further complains of the admission of improper testimony on cross-examination of defendant by the County Attorney as follows, the County Attorney first asking the defendant:

"Q: You say you have got a pretty good capacity for drinking?

"A: Yes, sir, I do.

"Q: Then you often get drunk?

"A: No.

"Q: When you have had something to drink, do you ever have a tendency to get in fights?

"A: No, sir.

"Q: You don't?

"A: No, sir."

And later asked the defendant:

"Q: You weren't going to drive it home?

"A: No, sir.

"Q: Why?

"A: Because my driver's license is suspended, and every time I get in a car she calls the law, that's why.

"Q: Why was it suspended?

"A: For an accident in Kingman.

"Q: Did it have anything to do with driving while intoxicated?

"A: Not on the suspension, no.

"Q: Isn't it a fact, sir, that very recently you were stopped for drunk driving and also arrested for obstructing arrest (sic)?

"Mr. Brennan: I object, Your Honor, this has no bearing on the case.

"Mr. McCarthy: On the contrary, Your Honor.

"The Court: It goes to impeachment. The objection is overruled."

Our Supreme Court has held that if a defendant offers himself as a witness on his own behalf, he may be cross-examined to the extent and be subject to the same rules as any other witness. State v. Taylor, 99 Ariz. 85, 407 P.2d 59 (1965). And the question regarding this testimony is not whether it is admissible to show the "complete story" or "res gestae" of the crime for which the defendant is being tried, but whether it is proper cross-examination under the circumstances.

■ Though this might well be reversible error were the matter tried before a jury, we do not so hold where, as here, the matter is tried before the court sitting without a jury. State v. Garcia, 97 Ariz. 102, 397 P.2d 214 (1964). As was recently stated by our Court:

"We now approach the basic issue constituting this appeal, i. e., whether defendant was prejudiced by the admission of Mrs. Willits' testimony and the conduct of the county attorney. Article 6, section 27 of the Arizona State Constitution, A.R.S., provides: 'No cause shall be reversed for technical error in pleading or proceedings when upon the whole case it shall appear that substantial justice has been done.'

\*     \*     \*     \*     \*     \*

"It can readily be concluded by this court, attempting to put itself, as nearly possible, in the position of the jury, that the verdict would not have been different had the evidence not been admitted." State v. Willits, 2 Ariz.App. 443, 445, 446, 409 P.2d 727, 729, 730 (1966).

## · THAT THE SENTENCE WAS EXCESSIVE

■ Defendant next contends that the sentence was excessive under the acts described in the hearing. It was not less than one nor more than two years. The sentence being within the allowable limits, § 13–245 A.R.S., as amended, there has been no showing of abuse of discretion by the trial judge. We will not substitute our judgment for that of the court below. The trial court having observed the defendant on the witness stand and the demeanor of the parties, is in a better position to determine the degree (felony or misdemeanor) of the offense and the nature of the punishment that should be imposed. State v. Wallace, 98 Ariz. 243, 403 P.2d 550 (1965); State v. Cortez, 2 Ariz.App. 306, 408 P.2d 410 (1965); State v. Massey, 2 Ariz.App. 551, 410 P.2d 669 (1966).

## CONSENT TO THE TRIAL BY THE COURT

■ Defendant cites as error the fact that the minute entry does not show that the trial court expressly consented to the trial of the case without a jury. Our Constitution states in part as follows:

"Section 17. \* \* \* The right of jury trial as provided by this constitution shall remain inviolate, but trial by jury may be waived by the parties in any civil cause or by the parties with the consent of the court in any criminal cause. \* \* \*" Article 6, Section 17, Constitution of the State of Arizona, 1 A.R.S. (amended 1960).

Where the parties to a criminal trial have waived the right of trial by jury and the court does, in fact, try the matter without a jury, we believe the very act of his coming on the bench and proceeding to try the case constitutes the consent of the court to the trying of that matter without a jury.

Judgment and sentence affirmed.

DONOFRIO and STEVENS, JJ., concur.